## Charles L. Wilkins, Appellant, *v.* Shannon Coal Company, Defendant, and Pennsylvania Bituminous Mutual Association, Insurance Carrier.

*Workmen's Compensation Law—Injury not on premises of employer—Injury not in course of employment.*

An employee, who was injured in an accident, on his way to work and on premises not owned or controlled by his employer, is not entitled to compensation under the Workmen's Compensation Law. Shickley v. P. & R. C. & I. Co., 274 Pa. 360, followed.

Argued October 22, 1923.   Appeal, No. 240, Oct. T., 1922, by plaintiff, from judgment of C. P. Huntingdon Co., May T., 1922, No. 18, reversing award of Workman's Compensation Board in the case of Charles L. Wilkins, Claimant v. Shannon Coal Company, Defendant, and Pennsylvania Bituminous Mutual Association, Insurance Carrier.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN, and GAWTHROP, JJ.   Affirmed.

Appeal from award of Workmen's Compensation Board.   Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court below reversed the award of the Workmen's Compensation Board.   Plaintiff appealed.

*Error assigned* was the entering of the decree reversing the decision of the Workmen's Compensation Board.

*Harry W. Petriken,* for appellant.

*Chester D. Fetterhoof,* for appellee.

Per Curiam, November 19, 1923:

This is an appeal from judgment reversing the compensation board in granting compensation. The facts are simple. Appellant, a miner, on the way to the mines where he was employed, had to cross a railway track about two hundred yards from the mine. Some miners used a public road crossing; others, a frequently used path over the tracks. While crossing on this path, appellant stumbled and was injured; he testified "I caught on the ties or rail; whether I caught on the top end of the tie or caught my toe, either one caught." The railroad belonged not to appellant's employer but to the H. & B. T. R. R. Co. The court below held, that as appellant was injured off his employer's premises, and not in the course of his employment, he was not entitled to compensation; we must agree, on the authority of Shickley v. P. & R. C. & I. Co. 274 Pa. 360, 362.

Judgment affirmed.