Commonwealth of Pennsylvania ex rel. Harris and Esther Riser *v.* Charles L. Riser, Appellant.

Argued March 11, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ,

*Benjamin R. Simons,* for appellant.—Betz v. Betz, 70 Pa. Superior Ct. 396, et seq., p. 402; Lynn v. Lynn, 68 Pa. Superior Ct. 324, 327.

*Norris S. Barratt, Jr.,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., April 10, 1929:

Appellant, at the relation of his parents, was directed by an order of the Municipal Court of Philadelphia, dated December 12, 1927, to pay the sum of $15 per week toward their support and maintenance. A petition for a reduction in the amount of the weekly payment was dismissed on March 30, 1928. After a full hearing upon a second petition for modification the original order was, on July 26, 1928, reduced to $10 per week and this appeal is from that order. Upon it our sole inquiry is whether there was competent evidence sustaining the order: Com. ex rel. v. Betts, 76 Pa. Superior Ct. 96.

The proceeding was instituted under section 28 of the Act of June 13, 1836, P. L. 541, 547, and the supplementary Act of June 25, 1895, P. L. 269; both relate to the support of indigent parents by their children. Under this legislation any child of full age and "sufficient ability" who, without reasonable cause, neglects to maintain his or her parents, "not able to work or

of sufficient ability to maintain themselves," may be ordered "to pay such sum as [the] court shall think reasonable and proper for [their] comfortable support and maintenance." Appellant's contention is that under all the evidence an order against him in excess of a weekly sum of $5 amounts to an abuse of the discretion vested by the act in the lower court. No opinion was filed by that court, but an examination of the testimony and exhibits submitted at the three hearings discloses evidence from which a judge hearing the case could find these material facts: Appellant's father, seventy-eight years of age, has not been able to work for a period of six years and at the date of the last hearing was a patient in the Jewish Hospital at a cost of $21 per week; his mother, after treatment in Mt. Sinai Hospital, had been transferred to the Jewish Convalescent Home; the only property they have is an equity in their dwelling which cost $4,150 but is mortgaged in excess of $3,000. The relators have three other children, two sons,—one living in Atlantic City and the other in Canada—and a married daughter; these children, and particularly the daughter, seem to have been contributing according to their ability to the support of their parents.

Appellant is married but has no children; for a number of years he has been engaged in the retail men's furnishing business in a rented storeroom on Fifty-second Street and is the owner of two heavily-mortgaged houses at Nos. 755 and 757 S. Second Street, the present rentals of which are not sufficient to pay the interest and carrying charges. An analysis by a certified public accountant of appellant's financial status and experience during the period from January 1 to April 11, 1928, indicates that his sales were about $7,000, his purchases $6,000 and his inventory at the close of the period approximately $6,700. The figures for that period indicate a loss on the business of $283 but, as we understand the statement, appellant has

withdrawn $535 for his own use during those three and a half months. It is apparent therefore that appellant has been taking as income from his business approximately $40 per week and is of "sufficient ability" to contribute a reasonable amount toward the support of his indigent parents. Under all the evidence we cannot say that the order as modified amounts to an abuse of discretion by the court below.

Order affirmed at costs of appellant.