Wiles *v.* American Oil Co. et al., Appellants.

Argued April 22, 1932.

Before Trexler, P. J., Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Arthur M. Grossman,* for appellants.

*Harry J. Nesbit,* and with him *William LeGoullon,* for appellee.

Opinion by Gawthrop, J., July 14, 1932:

Annie Wiles was awarded compensation by the referee for the death of her son, William, who was employed by American Oil Company as an attendant at its gasoline filling station on Main Street, Sharpsburg Borough. The award was sustained by the board and the court below. Defendant and its insurance carrier brought this appeal.

The material facts are not in dispute. Defendant's filling station is located on the north side of Main Street, which has a paved cartway thirty feet wide with a ten foot sidewalk on the north side thereof. The curb between the cartway and the sidewalk in front of defendant's station was cut out so as to permit automobiles to drive across the sidewalk to the filling station. Defendant's line of gasoline pumps was thirteen feet back of the inside of the sidewalk, on top of a wall two feet six inches high. They were operated from the top of the wall, and automobiles drove on either side of the pumps to be served with gasoline. Automobiles which were served on the south side of the pumps did not stand on the sidewalk but on the ground between the sidewalk and the pumps. The home of the deceased was south of Main Street. On Sunday, February 2, 1930, about 1:30 P. M., he was walking from his home to the filling station on his way to work. He ran northwardly across Main Street and, just as he stepped upon the north sidewalk, he sustained fatal injuries by being struck by a rapidly moving automobile which was moving eastwardly on Main Street and skidded from the cartway of the street to the sidewalk.

The referee and the board found that the accident happened on the employer's "premises" and counsel for appellee state in their brief that the only question in the case is whether the deceased was injured while on the "premises" of his employer; that is, was the sidewalk a part of the premises.

To be considered as happening on the "premises" of the employer, the accident must have occurred on property so connected with the business in which the employer is engaged as to form a component integral part of it: Feeney v. N. Snellenburg & Co., 103 Pa. Superior Ct. 284. "Premises" means the property upon which the employer carries on a particular business in which the employee is engaged: Shickley v. P. & R. C. & I. Co., 274 Pa. 360. The word has a narrower meaning than the word "property" and does not include property outside of that connected with the actual place where the employer carries on the business in which the employee is engaged: Andrisin v. Temple Coal Co., 101 Pa. Superior Ct. 235; Morucci v. Susquehanna Col. Co., 297 Pa. 508, 513. We said in Short v. Hughes Coal Co., 96 Pa. Superior Ct. 237, that as long as the employee is not on the premises upon which the operations are conducted, his relative nearness or remoteness does not determine the question. There is no evidence in this case that the sidewalk was occupied by the employer in the conduct of its business, that any part of its plant was on it, or that any customer ever was or could be served with gasoline while his car was standing on the sidewalk. So far as appears in the evidence the only use that was made of the sidewalk by the customers was in driving across it in passing to and from the pumps. This use did not make the sidewalk a part of the "premises." The conclusion of the referee and the board and the court below was that because the accident happened on the sidewalk it happened on the "premises." The underlying facts found by the referee and the board do not permit that conclusion to be sustained. Whether the evidence brings the claim within the statutory definition of "premises" is a question of law: Johnson v. Baldwin Locomotive Works, 98 Pa. Superior Ct. 28. When the deceased left the cartway and stepped upon the sidewalk, he

had not arrived on the premises occupied or controlled by his employer. It is well settled that where an employee is injured on his way to work and before reaching the "premises" of the employer he cannot recover.

The judgment of the court below and the award of the compensation board are reversed; judgment is here entered for defendant.