## McGrath, Appellant, *v.* Herzog et al.

Argued September 30, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

230

*Samuel P. Lavine,* for appellant.

*George H. Detweiler,* for appellee.

OPINION BY JAMES, J., March 11, 1937:

The sole question presented by this appeal is whether the testimony established a causal connection between the accident and the death of the claimant's husband. The referee and the board found for the claimant, but on appeal the court of common pleas sustained the exceptions and entered judgment for the defendant, from which the claimant has appealed.

On June 13, 1933 Anderson McGrath, claimant's husband, whose regular employment was mixing concrete, was helping another employee to lift large curbstones over his head into a large truck. While so engaged, he suffered an accident which resulted in a hernia, and he was operated on by Dr. Donald M. Headings the same day for a strangulated hernia. He was discharged from the hospital on June 27, 1933. Decedent, in the month of August 1933 and several times later, visited Dr. Samuel Eglick at his office, who later made a number of visits to decedent's home. Dr. Samuel Eglick sent the deceased to a hospital on December 7 where he died on December 8, 1933. An autopsy was performed by Dr. R. D. Burke on December 9, 1933, who

found that death was caused by hemorrhagic enteritis and peritonitis; that he was unable to find any connection between the operation and the cause of death. He found the main vessel in the heart in a hardened condition; he also found a sub-acute pericarditis. The strongest he would say was that the heart condition could have contributed to the hemorrhagic enteritis and peritonitis. Deceased had been treated by Dr. Samuel Eglick several times a year over a period of five years for a mitral regurgitation, or leaky valve of the heart. Prior to the visit in August, the doctor had seen the deceased sometime in January 1933. His testimony was positive that the accident and the operation aggravated deceased's heart condition, but was just as emphatic that he would have to accept the report of the coroner that hemorrhagic enteritis and peritonitis were the cause of death. He further testified: "Q. In view of the treatment and care of this man—I withdraw that question. Is it possible for a heart condition to result in hemorrhagic enteritis? A. When you have a heart condition with vegetation on the valves, small little growths on the valves, they break off and get in the blood stream, that can cause a hemorrhagic condition any where in the body. Q. In your opinion is that what resulted here? A. According to the coroner's post mortem examination I don't see how he could have an enteritis or peritonitis unless it came from the heart if that condition prevails." Dr. Headings testified that decedent was under his care while confined to the hospital and during this period decedent made no complaint concerning his heart and received no treatment for it. At the time of his discharge from the hospital, decedent was in good condition and was advised by Dr. Headings not to work for a certain number of weeks.

The referee found inter alia that "on December 7, 1933 the decedent was admitted to the Philadelphia

General Hospital suffering with a cardio-vascular renal disease from which he died the following day complicated with hemorrhagic enteritis and peritonitis. 5. We find that the considerable effort decedent was subjected to together with the herniotomy he underwent were a marked contributory factor in aggravating his pre-existing heart condition, the resultant effects of which eventuated in and hastened his death." On appeal the board stated: "There is ample medical testimony to sustain the conclusion arrived at by the Referee that these incidents did in fact aggravate the heart condition, and that this aggravation of the heart condition was a direct contributory factor in the decedent's death."

In its opinion setting aside the award, the court of common pleas reasoned as follows: "We should agree with the Compensation Board if there appeared any evidence to support the finding of the Referee as to the cause of death but it seems to us that the Board has reached a conclusion that is not supported by the evidence. There can be no doubt that the claimant's decedent had a diseased heart for a long period of time and that the kind of work he had to do might very well and probably did aggravate that condition. Nothing can be clearer however from the evidence of Dr. Headings that the particular incident or accident in this case together with the hernia operation had had no apparent effect upon his heart at all, either at the time he was admitted to the hospital on June 13th, when he was anaesthetized, or during his stay there. When Dr. Eglick was called in the latter part of August he treated him for the old heart condition which he described as worse than when he had seen him last which he thought was about five and a half months before the accident. When he sent the decedent to the Philadelphia General Hospital on December 7th it appears certain that he was seriously ill with some disease that was in such

an acute stage that he died of it the following day. The post mortem examination established that while he had a diseased heart he died of an inflammation of the intestines and the operating surgeon could discover no connection between the diseased heart condition and the enteritis and peritonitis. It does not appear to us that the facts in evidence afford a sufficient basis for the conclusion of the Compensation Board that death resulted from a heart condition aggravated by the accident and the consequent operation." We can add nothing to the cogency of this reasoning and are in accord with its conclusion.

Appellant further urges that it was the duty of the court below to remit the record for further hearing and determination in accordance with the Act of June 26, 1919, P. L. 642, 77 PS §879, which provides: "If such court shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination ......" The referee's conclusion, affirmed by the board, that McGrath's death resulted from an accident sustained in the course of his employment is a legal conclusion: *Berlin v. Crawford,* 86 Pa. Superior Ct. 283; *Hein v. Ludwig,* 118 Pa. Superior Ct. 152, 179 A. 917. What the court below did was not to reverse any finding of fact made by the referee and the board, but it passed upon the question as to whether the legal conclusion was supported by evidence; that is a matter of law, and when disposed of as such the record need not be returned for further hearing: *Anderson v. Baxter,* 285 Pa. 443, 132 A. 358; *Vorbnoff v. Mesta Machine Co.,* 286 Pa. 199, 133 A. 256. Our examination of this record does not convince us that the testimony as produced was not sufficient for a proper decision of the legal questions raised by the appeal, nor that something was omitted which should have been shown. The

mere fact that the evidence failed to support the claim, does not require a remission of the record.

Judgment affirmed.