Strunk *v.* E. D. Huffman & Sons (Intervener, Appellant).

Argued March 6, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*E. Mac Troutman,* with him *Penrose Hertzler,* for appellant.

*Harold C. Edwards,* for appellee.

OPINION BY RHODES, J., April 18, 1941:

This is a workmen's compensation case.. The appeal involves the question whether the claimant's husband was in the course of his employment when fatally injured. Claimant, on behalf of herself and her two minor children under sixteen years of age, filed a claim petition in which she set forth that her husband, Mitchell Strunk, was fatally injured as the result of an accident occurring in the course of his employment with E.. D. Huffman & Sons on October 14, 1937. An answer was filed in which it was denied that deceased was in the course of his employment at the time of the accident. After hearing, the referee disallowed compensation on the ground that deceased was not in the course of his employment, and was not furthering the interests of his employer at the time of his accidental injuries. The board, on petition of claimant, granted a rehearing. A second hearing was then held before the referee, who again disallowed compensation. Claimant appealed to the Workmen's Compensation Board, which affirmed the referee's findings of fact, conclusions of law, and order of disallowance. An appeal was then taken by claimant to the court of common pleas, which reversed the board and entered judgment for claimant. This ap-

peal is by defendant's insurance carrier, the intervening defendant.

The facts are not in dispute, and, as found by the compensation authorities, establish that on October 14, 1937, deceased's employer operated a hotel, a store, and a gasoline station at Marshall's Creek, Pa. These buildings are situated in a rural section at the junction of two public roads in Monroe County, route No. 402 and route No. 209. According to the directions given by the witnesses at the hearings, route No. 209 has approximately a north and south direction, while route No. 402, being on the west side of route No. 209, runs in an easterly direction with its terminus at the intersection with route No. 209. The store and the gasoline station are on the west side of route No. 209 and south of the intersection of that route with route No. 402. Of these two properties on the west side of route No. 209, the store is at the southwest corner of the intersection, and the gasoline station is contiguous to the store and 25 to 30 feet south of it. The hotel property is on the opposite or east side of route No. 209, and faces the store, gasoline station, and route No. 402.

The record discloses, and the compensation authorities so found, that deceased was employed by defendant employer as a general handyman, that his duties generally and on the day of the fatal accident consisted in helping at the store, running errands for the hotel, and working at the gasoline station. On the evening of the accident he had no specific services to perform at the store, but his duties were to attend to the furnace fire at the hotel and assist in the operation of the gasoline station.

Deceased returned from work to his home for his evening meal about 5:15 p. m. Thereafter he left his home for the purpose of attending to the furnace fire at the hotel and working at the gasoline station. In returning to his employer's premises he was accompanied by one Frank J. Smith in whose automobile he rode.

They traveled along route No. 402 to defendant employer's store. Deceased, who was sitting on the right-hand side of the Smith car, alighted on the side toward the store about one and a half or two feet from the east side of the porch and near the center of the same. The board found that, after leaving the automobile, "he stepped upon the property owned by the defendant and known as the store property." "He then left that property," as the board said, and started across route No. 209 on his way to the hotel to fix the furnace fire, intending to return to the gasoline station. He was struck by an automobile while crossing the public road to the hotel, sustaining injuries which resulted in his death.

Appellant, in its brief, argues that the board and the court below erroneously stated that when deceased alighted from the Smith car he stepped upon the store property of his employer, and that this assumption is not supported by the testimony of record. The referee found in his third finding of fact that the deceased got off the Smith automobile "on the side toward the store about one and one-half or two feet from the east side of the porch and near the center of the same." A civil engineer testified that this was the employer's store property, and that the highway right of way was seven feet from the end of the store porch next to the store and five feet from the center of the porch. There was other testimony to the same effect. The board properly found that deceased was on the defendant employer's property in front of the store when he alighted from the Smith automobile.

Appellant's position becomes clear from the statement in its brief: "However, it is not important whether the [deceased] alighted upon the store property because assuming that he did, that fact would not place him in the course of his employment for the reason that the testimony of record clearly shows that he had no duties to perform at the store on this particular evening or indeed at this particular time of the year, and the referee

has so found and his finding in this respect has been affirmed by the board." In part this is answered by the second finding of the referee which was affirmed by the board: "2. On October 14, 1937, Mitchell Strunk, [deceased], was an employe of the defendant as a general handy man such as helping at the store and running errands for the hotel but was employed principally in the gas station at that season of the year and at the time of the accident was earning an average weekly wage of $18 plus house rent."

In appraising appellant's argument, it must be borne in mind that deceased's employment was general, and related to all phases of defendant employer's business as set forth in the second finding of fact, and that defendant's business operations were one enterprise in so far as deceased's employment was concerned. We are able to find no basis or justification in this case for appellant's attempt to dissect deceased's general duties which he was employed to perform for his employer, and to allocate for this one day his work to certain parts of employer's business and within undefined imaginary boundaries in order to sustain its theory of non-liability. As a part of deceased's working premises, the store and gasoline station were not divisible, and his entry on the premises by the store constituted an entry upon his working premises within the hours of his employment, of which there had been no abandonment. On his return from the evening meal, deceased was then on the premises of his employer to take up his work. In other words, he was on the property of his employer connected with the actual places where the employer carried on the business in which deceased was employed. *Ewing v. Alan Wood Steel Co.*, 138 Pa. Superior Ct. 519, 524, 12 A. 2d 121. It manifestly follows that deceased was then in the course of his employment. When he was crossing the highway, which separated his employer's property, he was proceeding from one part of his working premises to another in performance of

his duties as prescribed (by his employer. Therefore when he was accidentally killed on the highway he was actually engaged in his master's business, and claimant became entitled to the benefits provided by the Workmen's Compensation Act. *Paulin v. Williams & Co., Inc., et al.,* 122 Pa. Superior Ct. 462, 467, 186 A. 415, affirmed 327 Pa. 579, 195 A. 40.

Whether, on the state of facts found, deceased was fatally injured in the course of his employment as contemplated by the Pennsylvania Workmen's Compensation Act, 77 PS § 1 et seq., is a question of law, and, as such open to review. *Callihan v. Montgomery,* 272 Pa. 56, 61, 115 A. 889; *McDermott v. Sun Indemnity Company of New York,* 131 Pa. Superior Ct. 60, 66, 198 A. 499. Whether the facts establish that the place where an employee is injured is a part of the premises of the employer is also a question of law. *Di Cicco v. Downs Carpet Co., Inc.,* 137 Pa. Superior Ct. 483, 484, 9 A. 2d 183.

In *Feeney v. N. Snellenburg & Co.* et al., 103 Pa. Superior Ct. 284, 157 A. 379, it was held that a private street, where the employee fell, abutting on employee's entrance to the store building formed a part of the employer's premises.

In *Kasavage v. State Workmen's Ins. Fund et al.,* 109 Pa. Superior Ct. 231, 167 A. 473, an employee was injured on a private road of the employer and in close proximity to the employer's wagon shed, tipple, and the entrance to the mine. In affirming the lower court and allowing compensation, this court said (p. 234): " . . . . . . when a number of buildings are used in a small area for a common purpose and are situated along a road, which is used in connection with the mine and an employe is injured within that area we are constrained to hold that he was, at the time of the accident, on the premises of the employer." See, also, *Barton v. Federal Enameling & Stamping Co. et al.,* 122 Pa. Superior Ct. 587, 186 A. 316; *Granville v. Scranton Coal Co.,* 76 Pa. Superior Ct. 335, 342.

Appellant's contention that deceased would have to be at the gasoline station or the hotel property in order to arrive at his working premises on the day of the accident is entirely too narrow a construction of the Workmen's Compensation Act.

Appellant, in support of its contention that deceased did not reach his employer's premises, relies on *Wiles v. American Oil Co. et al.*, 105 Pa. Superior Ct. 282, 161 A. 467. There the employee worked at a gasoline station. On his way to work from his home he crossed the street toward the station, and as he stepped upon the sidewalk he was struck by a skidding automobile. This court, in denying compensation, held that deceased had not arrived on his employer's premises at the time of the accident. The case stands for the familiar rule that ordinarily where an employee is injured on his way to work and before reaching the premises of the employer he cannot recover. See *Nilsson v. Nepi Brothers et al.*, 138 Pa. Superior Ct. 107, 112, 9 A. 2d 912, affirmed 338 Pa. 561, 14 A. 2d 75. The Wiles case is readily distinguishable on its facts from the instant case in that the sidewalk was clearly not a part of the premises. We there said (105 Pa. Superior Ct. 282, at page 285, 161 A. 467, at page 468): "There is no evidence in this case that the sidewalk was occupied by the employer in the conduct of its business, that any part of its plant was on it, or that any customer ever was or could be served with gasoline while his car was standing on the sidewalk. So far as appears in the evidence the only use that was made of the sidewalk by the customers was in driving across it in passing to and from the pumps. This use did not make the sidewalk a part of the 'premises.'"

*Boal v. State Workmen's Ins. Fund et al.*, 127 Pa. Superior Ct. 237, 193 A. 341, cited by appellant, is not applicable. In that case a night janitor, who had permission to go home for lunch, was injured two blocks away from his employer's premises while returning to

his place of employment. The injury was not compensable as it occurred off the premises of his employer while not in the actual furtherance of his employer's business.

Appellant has discussed at length and criticized the opinion of the court below. We are not necessarily concerned with the court's comments on the findings of fact or appellant's criticisms of some of the statements in the opinion, for we all agree that the conclusion of the court below that deceased was in the course of his employment when fatally injured was correct, and followed from the facts found by the compensation authorities. It was proper to enter judgment for claimant. *Berlin v. Crawford,* 86 Pa. Superior Ct. 283; *Hein v. Ludwig,* 118 Pa. Superior Ct. 152, 157, 179 A. 917.

Judgment of the court below is affirmed.