## Hood v. Pennsylvania R. R. Co.

*Douglass Storey* and *John Pearson*, for claimants.
*Nauman, Smith & Hurlock*, for defendant.

RUPP, J., February 3, 1947.—This is an appeal by claimant-appellant from the action of the Workmen's Compensation Board in affirming the referee's findings of fact, conclusions of law and order disallowing her and her three minor children compensation for the death of the husband-father, Ira Dice Hood, an employe of defendant-appellee.

The referee found decedent, a resident of Mifflin-town, Juniata County, was from the end of December 1943 until January 30, 1944, employed by defendant as a fireman on shifting engines in its Enola yards, Cumberland County. Because of the distance involved in traveling to and from his home to his work, he did not daily commute and was permitted by defendant to live in a bunkhouse owned by it and situated on property of defendant across the public highway from the yards.

On January 30, 1944, after completing his eight-hour tour of duty at 8 a.m., he returned to the bunk-house and proceeded to take a shower. While thus engaged he apparently slipped and fell backward through the shower curtain, his head striking the concrete floor of the bunkhouse. He was found by his fellow employes in an unconscious condition with his feet still in the shower. He was removed to the Harrisburg Hospital about 11 a.m. on the same day and died there at 2:30 a.m. on January 31st. Death was caused by

a cerebral hemorrhage, the direct result of the blow on the head suffered in the fall.

Under section 301 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §411, to be compensable an injury must be:

". . . sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment."

Claimant-appellant excepted to the action of the board in sustaining the referee's finding and conclusion that at the time of the accidental injury decedent was not actually engaged in the furtherance of the business or affairs of his employer and the referee's conclusion that at that time he was not upon the premises of the employer.

Our function is to determine whether there is competent and substantial evidence sufficient to support the findings of fact made by the referee and affirmed by the board, as we have no power to weigh the evidence and revise those findings and thereupon reverse the final action of the board: Abbadini v. Vesta Coal Co., 149 Pa. Superior Ct. 244 (1942) ; Kasman v. Hillman Coal and Coke Co., 149 Pa. Superior Ct. 263 (1942) ; Werner et al. v. Allegheny County et al., 153 Pa. Superior Ct. 10 (1943). But whether there is such evidence, and whether the law has been properly applied are questions which are reviewable: Yanik v.

Pittsburgh Terminal Coal Corp. et al., 150 Pa. Superior Ct. 148 (1942); Werner et al. v. Allegheny County et al., supra. Thus, whether on the state of facts found deceased was injured while furthering the business or affairs of his employer and whether the facts establish that the place where the employe was injured is a part of the premises of the employer, within the meaning of the act, are questions of law subject to review: Strunk v. E. D. Huffman & Sons, 144 Pa. Superior Ct. 429 (1941); Hockenberry v. State Workmen's Insurance Fund et al., 133 Pa. Superior Ct. 249 (1938); Werner et al. v. Allegheny County et al., supra.

We are satisfied that there is sufficient competent and substantial evidence to support the referee's findings that after completing his tour of duty at 8 a.m. on January 30, 1944, decedent under the law was entitled to eight hours actual rest and he could not have been called back to work before 4:30 p.m. on that date; that during that time he was free to go any place he desired and defendant company exercised no control over him; that after 4:30 p.m. on January 30, 1944, decedent would have had the responsibility of leaving word at his calling place as to where he could be reached; and that he did not perform any duty for his employer at the bunkhouse and the bunkhouse was not a part of the Enola yards where the duties of decedent were performed.

In the light of these facts, did the board err in affirming the above stated finding and conclusions of the referee?

It consistently has been held that the word "premises" as appearing in The Workmen's Compensation Act does not include all property owned by the employer, but does embrace that used in connection with the actual place of work where the employer carries on

the business in which the employe is engaged: Tolan v. Philadelphia & Reading Coal & Iron Co., 270 Pa. 12 (1921); Shickley v. Philadelphia & Reading Coal & Iron Co., 274 Pa. 360 (1922); Meucci v. Gallatin Coal Co. et al., 279 Pa. 184 (1924); Black v. Herman et al., 297 Pa. 230 (1929); Reese v. Pennsylvania R. R. Co., 118 Pa. Superior Ct. 112 (1935); Feeney v. N. Snellenburg & Co. et al., 103 Pa. Superior Ct. 284 (1931); Ewing v. Alan Wood Steel Co., 138 Pa. Superior Ct. 519 (1940); Strunk v. E. D. Huffman & Sons, supra; Hopwood v. Pittsburgh, 152 Pa. Superior Ct. 398 (1943); Werner et al. v. Allegheny County et al., supra.

Also, that an injury to be compensable as happening on premises of the employer must have occurred on property owned, leased or controlled by the employer and so connected with the business in which the employe is engaged as to form a component or integral part of it: Feeney v. N. Snellenburg & Co. et al., supra; Werner et al. v. Allegheny County et al., supra; Wolsko v. American Bridge Co. et al., 158 Pa. Superior Ct. 339 (1945); Young v. Hamilton Watch Co., 158 Pa. Superior Ct. 448 (1946).

However, proof that the property on which an injury occurs is employed by defendant in the conduct of its affairs is not enough by itself to justify an award and claimant must establish that his presence thereon at the time of injury was required by the nature of his employment: Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70 (1923); Meucci v. Gallatin Coal Co. et al., supra.

Here, the actual place of work where defendant carried on the business in which deceased was engaged was the Enola yards. The bunkhouse was not a component or integral part of the yards. It was not used in connection with, nor did its purpose bear any rela-

tion to, the actual operation of the yards. Rather, it was provided and maintained for the convenience of defendant's employes. While the deceased was privileged to use it, such use was a matter of choice and not of compulsion. He had no service to render at the bunkhouse. And once having reported off duty, he was not subject to call for at least eight hours and therefore did not need to leave word as to where he could be reached during that time. Hence, for that period he was not required to remain at the bunkhouse (nor anywhere on the working premises or elsewhere for that matter) either to perform any duty or to be ready to respond to a call for duty. His presence there was not necessary; it was not in the interests of the employer nor for the latter's benefit. It follows that the bunkhouse was not a part of the employer's premises, that when injured the nature of the deceased's employment did not require his presence there, and that therefore he was not injured in the course of his employment.

Thus, this case is clearly distinguishable from those relied on by claimant where, on an opposite state of facts, an opposite conclusion was reached.

Claimant insists that due to the then existing war emergency the services of nonresidents such as decedent were vitally needed for the operation of the yards; that the distance between the yards and their homes, the irregular hours and periods of duty, and the lack of living accommodations in the Enola area made it impossible for them to work for defendant without living at the bunkhouse; that hence defendant's only purpose in maintaining the bunkhouse was to facilitate the operation of the yards; and that decedent's presence there at the time of the accident was in furtherance of the needs of, and of advantage to, defendant.

In support of this contention claimant cites Malky v. Kiskiminetas Valley Coal Co. et al., 278 Pa. 552 (1924). There defendant engaged nonresident workmen to supplant strikers at his mine. In order to forestall attack or solicitation by strikers and insure the presence of the workmen during working hours, they were lodged in a bunkhouse about 20 feet from the mine opening, furnished with the required provisions and supplied with a watchman. Malky was killed by an explosion which followed the throwing of a bomb through the window of the bunkhouse during the night. In awarding compensation the board found that due to the feeling engendered by the strike lodging elsewhere than in the bunkhouse was impracticable. In affirming the lower court's approval of the award the Supreme Court pointed out that, under the peculiar circumstances of the case, it was necessary to hold the men in their off-time at an unaccessible point on the ground and to control their movements during the entire 24 hours.

The facts and circumstances which distinguish the two cases are too apparent for prolonged discussion. Here, contrary to the Malky case, the attending circumstances did not alter the fact that the nature of decedent's services did not require his presence in the bunkhouse during his off time. Moreover, while the housing shortage at the time of the injury is unquestioned, the evidence fell far short of sustaining claimant's aforesaid allegations. On the contrary, it was testified that the privilege of occupying the bunkhouse was temporary, pending the procurement of other quarters; that every day "any number of men" residing as great a distance from the yards as decedent traveled back and forth to work; and that decedent could have, and on occasion did, commute without interference with his duties.

From all the foregoing, it is clear that the board did not err in sustaining the aforementioned finding and conclusions of the referee. Accordingly, the appeal must be dismissed.

And now, February 3, 1947, the appeal is hereby dismissed.