Kocher, Appellant, *v.* Lehigh Navigation Coal Company, Inc.

Argued March 20, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Thomas B. Noonan,* with him *Thomas L. Kennedy, Jr.,* for appellant.

*Earle G. Harrison,* with him *Henry Houck, J. Pennington Straus, Bernard G. Segal, Wm. A. Schnader* and *Schnader, Harrison, Segal & Lewis,* for appellee.

OPINION BY ROSS, J., July 20, 1950:

In this workmen's compensation case, the referee's award was affirmed by the board but reversed by the court below and the claimant, widow of the employe, took this appeal.

The claimant's husband was employed as a laborer by the defendant at its colliery. On January 19, 1944, after having completed his work for the day, the employe was on his way home, traveling over a path that led from his actual place of work over land of the employer, across main line railroad tracks of the Lehigh and New England Railroad Company, thence over other land of the employer used in its mining operations to a public street. Although this path was not the only route the employe might have used to go from his place of employment to his home, it was the shortest and most convenient. While crossing the railroad tracks, the claimant's husband was struck by a locomotive of the railroad company and suffered fatal injuries.

The facts are not in dispute and the only question involved—a legal one—is whether at the time of his fatal injury the employe was on the "premises" of his employer within the meaning of the term as used in Section 301 of the Workmen's Compensation Act as amended, 77 PS 411. The term "premises" as used in the Act is limited to the property of the employer used in connection with the actual place of work where the employer carries on the business in which the employe is engaged. *Hopwood v. Pittsburgh,* 152 Pa. Superior Ct. 398, 33 A. 2d 658; *Fedorko v. Pennsylvania Electric Co.,* 161 Pa. Superior Ct. 279, 54 A. 2d 103. To be considered as happening on the "premises" of the employer, the accident must have occurred on property owned,

leased or controlled by the employer and so connected with the business in which the employe is engaged as to form a component or integral part of it. *Feeney v. N. Snellenburg & Co.,* 103 Pa. Superior Ct. 284, 157 A. 379; *Young v. Hamilton Watch Co.,* 158 Pa. Superior Ct. 448, 45 A. 2d 261; *Wolsko v. American Bridge Co.,* 158 Pa. Superior Ct. 339, 44 A. 2d 873; *Grazer v. Consolidated Vultee Aircraft Co.,* 161 Pa. Superior Ct. 434, 55 A. 2d 538.

The employer shipped coal over the main line of the Lehigh and New England Railroad—which runs from Hanto, Pennsylvania, to Campbell City, New York—and spurs or sidings of it were laid over the property of the employer for its convenience as a shipper. In *Ganassi v. Pittsburgh Coal Co.,* 162 Pa. Superior 289, 57 A. 2d 717, in which we allowed compensation, the employe was injured while passing over a railroad siding or spur which was used exclusively in connection with the employer's mining operations as an essential part of such operations and under the employer's control. That, however, is not this case. Here the accident occurred on the *main line* of the railroad and by the most liberal interpretation, it cannot be held—in the absence of affirmative testimony—that the main line of the railroad was "owned, operated or controlled" by the employer and was a "component and integral part of its mining operations".

The facts in this case bring it within the ruling of *Andrisin v. Temple Coal Co.,* 101 Pa. Superior Ct. 235. There, as here, the employe was injured on his way home after his day's work while crossing railroad tracks which ran through the premises of the employer. In denying compensation, we stated at page 238: "The operation of the railroad was not under the control of the defendant; no part of its business was being conducted on that portion of its property. When the deceased employe left the wagon road and stepped upon

the track operated and controlled by the Erie Railroad Company, he not only left the premises occupied or controlled by his employer, but was in a place where his presence was not required by the nature of his employment." Likewise in this case, when the employe was injured, he was not on the "premises" of his employer within the meaning of the Act and consequently his injury is not compensable.

Order affirmed.