Giallonardo, Appellant, *v.* St. Joseph's College

Argued October 11, 1954. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (ROSS, J., absent).

*David L. Ullman,* for appellant.

*Joseph J. Murphy,* with him *John A. Friedrich* and *Krusen, Evans & Shaw,* for appellees.

OPINION BY WRIGHT, J., January 14, 1955:

Vincent Giallonardo was employed as a janitor by St. Joseph's College, which is located at 54th Street and Overbrook Avenue in the City of Philadelphia. While Giallonardo was on his way to work one morning, he alighted from a trolley car at the corner, crossed to the sidewalk, slipped on some ice and fell, breaking his right leg. Referee Clayton denied compensation based upon his conclusion that: "At the time of the accidental injury resulting in the disability, the plaintiff had not yet entered the premises of the defendant nor reported for duty on that particular day". The Workmen's Compensation Board sustained Giallonardo's appeal based upon the following substituted finding of fact: "2. On February 23, 1950, while plaintiff was on his way to report to work, plaintiff *entered upon the premises* of the defendant herein, at which time he slipped on some ice and fell, as a result of which he sustained a fracture of the right leg (italics supplied)". Upon appeal to the Court of Common Pleas exceptions to the Board's decision were sustained, and judgment was entered for the defendants. This appeal followed.

The controlling question is whether or not appellant was on the premises of his employer at the time he slipped and fell. There is curbing at the edge of the street. The pavement for pedestrians is of concrete construction five feet wide. Between the curbing and the pavement there is a plot of grass approximately eight feet wide. For a short distance on either side of the corner, this plot is paved also. Beyond the pavement is another plot of grass extending to a hedge surrounding the college grounds. We must of course view the testimony in the light most favorable to appellant, and he must be given the benefit of every inference reasonably deducible therefrom: *Lemmon v. Pennsylvania Department of Highways,* 164 Pa. Superior Ct. 254, 63 A. 2d 684; *Darmopray v. Budd Manufacturing Co.,* 169 Pa. Superior Ct. 200, 82 A. 2d 341. However, viewed in this light, the testimony does not support the Board's finding that appellant had entered upon the premises of his employer.

Appellant testified on direct examination: "Q. In the morning? A. In the morning, seven o'clock, pretty near close to job, I got my feet on top of property, about three, four feet you know in the corner—that's in the property . . . Q. Where were you when you fell? A. I fall on pavement St. Joe's—half on the pavement and half on the grounds of St. Joe's College". And on cross examination: "Q. You walked across the street to the college grounds? A. Yes, walk across street. Q. And got on the sidewalk? A. Yes. Q. And then you fell? A. Walk about two feet, fall down St. Joe's College property. Q. About two feet in—A. About three feet, don't measure. Q. Now, you stepped off the street on to the sidewalk, didn't you? A. Yes. Q. And you got about two feet from the curb, didn't you? A. About three feet I think, I don't know. Q. And then you fell? A.Yes. Q. Right there on the sidewalk? A. Yes." Offi-

cer Trifiletti testified: "Q. What did you find? A. We found Mr. Vincent Giallonardo lying prone on the sidewalk . . . Q. Inside the curb on the sidewalk? A. Yes. Q. How far in, as to the cement pavement? A. We got him near the corner here. Q. Indicating— A. He wasn't too far from the curbing. I would say about a couple of foot from the curbing, as far as I can remember". Officer Monahan testified: "Q. Mr. Monahan, will you show us on those pictures just where you picked up Mr. Giallonardo? A. Where the exact spot would be—this is the cement sidewalk, it was positively on the cement sidewalk . . . Q. I'm not asking you to say the exact spot. Here we have—A. He was on this cement; whether that is on Overbrook Avenue or 54th Street I couldn't say. Q. But on the sidewalk? A. On the sidewalk, not on the street. Definitely on the pavement".

Section 301 (c) of The Pennsylvania Workmen's Compensation Act[1] provides that "The term 'injury by an accident in the course of his employment,' as used in this article, . . . shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment". A claimant has the burden of proving by a preponderance of the evidence all the elements necessary to support an award of compensation: *Ewing v. Alan Wood Steel Co.*, 138 Pa. Superior Ct. 519, 12 A. 2d 121. Whether the facts as disclosed by the evi-

---

[1] Act of June 2, 1915, P. L. 736, as last amended by the Act of June 21, 1939, P. L. 520, 77 PS 411.

dence establish that the place where an employe was injured was a part of the premises is a question of law: *DiCicco v. Downs Carpet Co.*, 137 Pa. Superior Ct. 483, 9 A. 2d 183. To be considered as happening on the premises, the accident must have occurred on property owned, leased or controlled by the employer and so connected with the business in which the employe is engaged as to form a component or integral part of it: *Young v. Hamilton Watch Co.*, 158 Pa. Superior Ct. 448, 45 A. 2d 261.

In *Wiles v. American Oil Co.*, 105 Pa. Superior Ct. 282, 161 A. 467, the employe was struck by an automobile as he stepped from the street onto the sidewalk in front of the employer's gasoline service station. The following language of Judge GAWTHROP is particularly appropriate: "To be considered as happening on the 'premises' of the employer, the accident must have occurred on property so connected with the business in which the employer is engaged as to form a component integral part of it: Feeney v. N. Snellenburg & Co., 103 Pa. Superior Ct. 284. 'Premises' means the property upon which the employer carries on a particular business in which the employee is engaged: Shickley v. P. & R. C. & I. Co., 274 Pa. 360. The word has a narrower meaning than the word 'property' and does not include property outside of that connected with the actual place where the employer carries on the business in which the employee is engaged: Andrisin v. Temple Coal Co., 101 Pa. Superior Ct. 235; Morucci v. Susquehanna Col. Co., 297 Pa. 508, 513. We said in Short v. Hughes Coal Co., 96 Pa. Superior Ct. 237, that as long as the employee is not on the premises upon which the operations are conducted, his relative nearness or remoteness does not determine the question. There is no evidence in this case that the sidewalk was occupied by the employer in the conduct of

its business, that any part of its plant was on it, or that any customer ever was or could be served with gasoline while his car was standing on the sidewalk. So far as appears in the evidence the only use that was made of the sidewalk by the customers was in driving across it in passing to and from the pumps. This use did not make the sidewalk a part of the 'premises'. The conclusion of the referee and the board and the court below was that because the accident happened on the sidewalk it happened on the 'premises'. The underlying facts found by the referee and the board do not permit that conclusion to be sustained. Whether the evidence brings the claim within the statutory definition of 'premises' is a question of law: Johnson v. Baldwin Locomotive Works, 98 Pa. Superior Ct. 28. When the deceased left the cartway and stepped upon the sidewalk, he had not arrived on the premises occupied or controlled by his employer".

Despite appellant's assertion that he was "in the property", his testimony does not support that conclusion. The case is governed by the familiar principle that an employe who is injured on his way to work, and before reaching the premises of the employer, cannot recover. See *Wilkins v. Shannon Coal Co.,* 82 Pa. Superior Ct. 128; *Fedorko v. Pennsylvania Electric Co.,* 161 Pa. Superior Ct. 279, 54 A. 2d 103. It is readily distinguished from cases wherein the injury occurred while the employe was on a private way controlled by the employer and used in its business. See *Kasavage v. State Workmen's Ins. Fund,* 109 Pa. Superior Ct. 231, 167 A. 473; *Dougherty v. Bernstein & Son,* 160 Pa. Superior Ct. 587, 52 A. 2d 370. The Board relied upon *Strunk v. E. D. Huffman & Sons,* 144 Pa. Superior Ct. 429, 19 A. 2d 539, and *Grazer v. Consolidated Vultee Aircraft Co.,* 161 Pa. Superior Ct. 434, 55 A. 2d 538. However, these cases are not

controlling since they are based upon special factual situations. They do not support a general rule creating liability for accidents occurring on a public sidewalk before an employe reaches the employer's premises.

Appellant's able counsel strongly urges that, since the court below reversed the Board because "The finding of fact of the Board is not supported by evidence", the record should have been remitted to the Board for further hearing and determination.[2] While the Board's findings of fact cannot be disturbed by the courts unless there is no competent evidence to support them: *Icenhour v. Freedom Oil Works Co.*, 136 Pa. Superior Ct. 318, 7 A. 2d 152, the question whether or not there is evidence to support a particular finding is one of law and may be reviewed on appeal: *Minner v. Reno*, 138 Pa. Superior Ct. 37, 9 A. 2d 909. And see *Diaz v. Jones & Laughlin Steel Corp.*, 170 Pa. Superior Ct. 608, 88 A. 2d 801; *Monahan v. Seeds & Durham*, 336 Pa. 67, 6 A. 2d 889. In the words of Mr. Chief Justice VON MOSCHZISKER in *Carville v. A. F. Bornot & Co.*, 288 Pa. 104, 135 A. 652: "Where an ultimate deduction from facts found by the compensation authorities or recited in the evidence involves a conclusion that either brings a case within or excludes it from coming within essential definitions used by the Compensation Act, no matter in what form the conclusion may be stated, whether as a finding of fact or of law, it is reviewable by the courts in its latter aspect, to see whether or not the underlying findings of fact on which it rests have legally competent evidence to sus-

---

[2] Section 427, of the Act, as last amended May 27, 1943, P. L. 691, 77 PS 879, provides: "If such court shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination . . ."

tain them and, considering the legal meaning of the relevant definitions, warrant the conclusion in question, or whether the evidence itself, when looked at in the light most favorable to appellant, brings the case within the statutory definitions and warrants such a conclusion".

In the case at bar, the second finding of fact of the Board is actually a conclusion of law since it is based upon the assumption that the sidewalk was a part of the premises of the employer. This conclusion is not substantiated by the evidence. The fact that the evidence fails to support the claim does not require a remission of the record where it does not appear that the testimony as produced was not sufficient for a proper decision of the legal questions raised by the appeal, or that something was omitted which should have been shown: *McGrath v. Herzog*, 126 Pa. Superior Ct. 229, 190 A. 550.

Judgment affirmed.