Feeney v. N. Snellenburg & Company et al.,
Appellant.

Argued October 7, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Louis Wagner*, and with him *Richard A. Smith* and *Thomas J. Clary*, for appellant, cited: Bossard v. N. J. Park A., 92 Pa. Superior Ct. 237; Palko v. Taylor-McCoy Coal & Coke Co., 289 Pa. 401; Boscolo v. Penn Coal & Coke Co., 90 Pa. Superior Ct. 456.

*I. Nathaniel Treblow*, for appellee, cited: Tolan v. Philadelphia and Reading Coal and Iron Co., 270 Pa. 12; Black v. Herman, 297 Pa. 230.

OPINION BY KELLER, J., December 11, 1931:

Plaintiff fell and was injured while walking on the sidewalk of a private street in the possession and under the control of her employer, at a point four or five feet away from the store entrance which she and her fellow employees were required to use. She was just about to enter the store building and begin her day's work, her department being located on the fourth floor. The private street which she was using was bordered on both sides by her employer's store buildings, which were connected by a bridge or bridges over the street above the first floor, and was used by it for loading and unloading goods. The bed of the street was owned by the Girard Estate from whom defendant leased its buildings, and the street was not on the city plan. Two sheds or platforms for receiving goods had been built by the employer defendant on the north sidewalk or pavement—the one used by plaintiff—and also a flower display stand, from which flowers were sold in connection with the store operations. The evidence requires the conclusion that this sidewalk was used as an integral part of the Snellenburg Store. The question at issue is whether plaintiff was injured in the course of her employment while on the "premises" of her employer.

The law is well settled that, in the absence of exceptional circumstances, which are not here present, an employee is not entitled to compensation for injuries received off the "premises" of the employer while going to or returning from work. To be entitled to compensation for injuries received when off the "premises" the employee must be "actually engaged in furthering the business of the employer": Bossard v. Nallin & Jennings Park Co., 93 Pa. Superior Ct. 301. And "premises," as so used, is a narrower and more restricted word than "property." Hence we have held that not every accident occurring on mine

property, or land belonging to the employer in connection with widely extended operations, is necessarily on "premises" of the employer within the meaning and purpose of the Workmen's Compensation Law: Short v. Hughes Coal Co., 96 Pa. Superior Ct. 237, 238; Boscola v. Pa. Coal & Coke Co., 90 Pa. Superior Ct. 456; Leacock v. Susquehanna Collieries, 98 Pa. Superior Ct. 581; Andrisin v. Temple Coal Co., 101 Pa. Superior Ct. 235. To be considered as happening on the "premises" of the employer the accident must have occurred on property owned, leased or controlled by the employer and so connected with the business in which the employee is engaged, as to form a component or integral part of it. Thus a mining company may own a large tract of land on which are erected houses for its employees, with roads or walks intended for their use in going to and from the mines and to and from their outside activities. An accident to an employee while travelling on such a road or path, simply on his way to or from work, and while not actually engaged in furthering his employer's business, would not be compensable: Boscola v. Penna. Coal & Coke Co., supra; Short v. Hughes Coal Co., supra; Leacock v. Susquehanna Collieries, supra; but having once entered the mine, an accident occurring while on his way to or from his work there, even though his actual place of work might be half a mile or a mile or more distant from its mouth would be compensable: Price v. Glen Alden Coal Co., 100 Pa. Superior Ct. 260; Morell v. Buffalo & Susquehanna Coal & Coke Co., 17 Unof. Adv. Reps. 279; Shickley v. P. & R. C. & I. Co., 274 Pa. 360, 362; for the mine or colliery constitutes the actual "premises" where the employer carries on the business in which the employee is engaged.

The appellant contends that this plaintiff would not be entitled to compensation for any accidental injury that might occur to her until she had arrived at the

fourth floor of her employer's building and punched the time clock, but that is entirely too narrow a construction of the act. From the moment when, for the purpose of doing her work, she arrived on the "premises" where her employer carried on the business in which she was engaged, until she left those "premises" —provided there was no abandonment by her of her employment—she was within the protection of the act. Thus in Meucci v. Gallatin Coal Co., 279 Pa. 184, a public road, used and maintained by defendant for the operation of its business and so intimately connected with the entrance to defendant's tipple as, in effect, to form a part of it, was held to be "premises" of the employer, within the meaning of the act. In Black v. Herman, 297 Pa. 230, the employer's business was conducted on the fourth floor of a building, which was reached by an entrance platform and three flights of stairs. One morning as the plaintiff was on his way to work he slipped on this platform and broke his leg. His injury was held to be compensable. The Supreme Court said: "Defendant's tenancy, whether so expressed in his lease or not, included the stairs and platform so far as necessary to afford him and his employees free ingress and egress to and from his apartment. Hence the platform was a part of the employer's premises and the case bears no analogy to an injury sustained by an employee on a public street. Plaintiff was injured on the premises where the employer's business was carried on and his presence there was required by the nature of his employment ...... A servant having entered the master's premises to take up the work of the day is within the Workmen's Compensation Act, although the tools are not yet in his hands." We think that case rules this one. The sidewalk on the private street used by the Snellenburg Company as a loading and unloading platform for store operations, as well as for the approach to the

employee's entrance to the building, was as much the "premises" of the employer in this case, as the entrance platform on the first floor was part of the "premises" of the employer occupying the fourth floor in that case. The fact that the plaintiff was injured five minutes before her day's work was required to begin does not affect her claim. It was entirely proper for her to be on the premises of her employer a reasonable length of time before the hour fixed for her to commence her duties: Carlin v. Coxe Bros., 274 Pa. 38, 40.

In the circumstances presented by the evidence in the case we agree with the court below that the private street abutting on the employee's entrance to the store building was so used by the defendant as to form part of the "premises" of its store operations and that plaintiff was within the protection of the Workmen's Compensation Act when she fell.

We pointed out in Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454, 457, that section 301 of the Workmen's Compensation Act does not purport to define the phrase "injury by an accident in the course of his employment." It simply provides that certain injuries shall not be included in the term and that certain others shall. It explains the term, but does not limit it to the cases mentioned.

The assignments of error are overruled and the judgment is affirmed.