## Dunphy *v.* Augustinian College of Villanova et al., Appellants.

Argued November 17, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*George H. Detweiler,* with him *Norman K. Jellinghaus,* for appellants.

*Harold D. Greenwell,* for appellee.

OPINION BY BALDRIGE, J., December 17, 1937:
The question for decision in this workmen's compen-

sation case is whether the claimant is entitled to an award for injuries sustained in the course of his employment, under section 301, art. III, of our Workmen's Compensation Act of June 2, 1915, P. L. 736 (77 PS §411).

The claimant was employed by Augustinian College of Villanova as a general utility man. In the winter he fired the boilers and in the summer, when the injury was sustained, his usual duties included gardening, delivering vegetables to the kitchen, mowing the lawn, and taking care of a horse. He received a salary of $30 a month, together with board and lodging on the college premises.

On Sunday, June 30, 1935, claimant fed the horse about 12 noon and shortly thereafter walked towards his lodging place. While standing about 20 yards from the entrance to that building, watching a small boy at play, his leg was crushed against the wall by an automobile owned and driven by a fellow-employee and used for his individual purposes. The compensation authorities found that at the time of the accident the claimant was engaged in the furtherance of his employer's business, and awarded compensation for the loss of his right leg which was amputated above the knee. Upon appeal to the court of common pleas, claimant's award was sustained.

In considering the legal aspect of the question—whether or not the underlying facts reported by the referee are sufficient to bring the case within the definition of the phrase "course of employment" in our compensation act—we are required to keep in mind the liberal construction that the courts place upon this statutory definition and the power vested in the compensation authorities to find facts, whether based upon either direct or circumstantial evidence, and the inferences to be drawn therefrom: *Haddock v. Edgewater Steel Co. et al.*, 263 Pa. 120, 106 A. 196.

The claimant was not like the ordinary laborer with fixed hours of employment. He was subject to call, not only any hour of a week day, but on Sunday when he might be required to carry vegetables from the truck patch to the kitchen, or to do any other work "the people of the college" asked him to do. There was no proof, however, that on this particular day he had been requested to perform any special duty. Claimant testified that he was supposed to be on the premises at all times unless he obtained permission to leave, but he also testified that on this Sunday, after he attended the horse at noon, he could have left the premises until feeding time, or about 5 o'clock. In any event, he was on the employer's premises at the time of the accident, ready to respond to any call, and his salary included pay for that day. If, at the time of the injury, an employee is not actually engaged in work but is upon the employer's premises where he is required to be by the nature of his employment, the injury is compensable: *Hale v. Savage Fire Brick Co.*, 75 Pa. Superior Ct. 454. The fact that he had not started or had finished his actual work is immaterial if at the time of the accident he was on the employer's premises. We said in *Feeney v. N. Snellenburg & Co. et al.*, 103 Pa. Superior Ct. 284, 287, 157 A. 379: "To be considered as happening on the 'premises' of the employer the accident must have occurred on property owned, leased or controlled by the employer and so connected with the business in which the employee is engaged, as to form a component or integral part of it." See, also *Molek v. W. J. Rainey, Inc.*, 120 Pa. Superior Ct. 95, 181 A. 841; *Barton v. Federal E. & S. Co. et al.*, 122 Pa. Superior Ct. 587, 186 A. 316.

The inference may be fairly drawn from the undisputed and underlying facts that the presence of the claimant on the employer's premises was required in the furtherance of the work for which he was hired.

As a conscientious employee, he no doubt felt that he must make himself available at all times during the day to discharge any duty that he might be called upon that day to perform. His employment as general utility man required him to be anywhere on the college grounds. Edward McDermott, superintendent of buildings and grounds, stated that the claimant was subject to call on Sunday as well as any other day to collect the vegetables or to do any necessary work. He was practically under orders, therefore, at the time of his injury, as was the claimant in *Brown v. Elks Club*, 113 Pa. Superior Ct. 226, 172 A. 408. "The place of employment is not confined to the place at which the workman is employed, but may include the places on the master's premises traversed by the employee in going to and from his work and the places used by the employee with the master's consent:" *Granville v. Scranton Coal Co.*, 76 Pa. Superior Ct. 335, 342. See, also *Haddock v. Edgewater Steel Co.*, supra; *Malky v. Kiskiminetas Valley Coal Co.*, 278 Pa. 552, 123 A. 505; *Berlin v. Crawford*, 86 Pa. Superior Ct. 283.

It clearly appears that at the time of the accident claimant was not doing something wholly foreign to his employment, nor was there an actual break in his employment, notwithstanding he was at leisure at that particular time: *Dzikowska v. Superior Steel Co. et al.*, 259 Pa. 578, 103 A. 351.

We see no reason to disturb the findings and conclusions of law of the compensation authorities.

Judgment is affirmed.