## Tappato et al. *v.* Teplick & Eisenberg Co. et al., Appellants.

Argued October 5, 1938.

Before Keller, P. J., Cunningham, Baldrige, Parker and Rhodes, JJ.

*Frank R. Ambler,* for appellants.

*Alexander F. Barbieri,* for appellee.

Opinion by Baldrige, J., November 21, 1938:

Archie Tappato, 22 years of age, met his death between 9:30 and 10:30 A.M., November 21, 1935, by falling down an elevator shaft. His employer, the defendant, occupied the fifth and sixth floors of a six-story building on Market Street, Philadelphia. Decedent worked at a machine on the sixth floor, stitching pants and "clams." The fifth floor was used as a cutting and shipping room and for other work as well as for offices. The lower floors were occupied by other tenants and the owner of the building. There was a passenger elevator in the front of the building and a freight elevator in the rear which was used in common by all the tenants. It was not the custom up to the date of the accident for any one in particular to operate the freight elevator. In addition to the elevators as a means of going to the different floors, a staircase led to each of the six floors of the building. No one saw the accident, but when the deceased's body was found in the elevator

pit he was without his coat and otherwise dressed as he had been when working, and the elevator was at the sixth, or top, floor. Concededly, he did not fall from that floor.

The father and mother of the deceased presented a claim for compensation, alleging that an accidental death had occurred in the course of decedent's employment.

David A. Verbit, foreman for the defendant, testified that deceased had no work on the fifth floor and without permission no one was allowed to go from the sixth to the fifth floor, and the deceased did not seek permission on the day in question so to do, but there was no direct testimony of any definite rule or regulation of the defendant forbidding employees to leave the floor of their employment without its permission.

Rose DiBona testified as follows: "Q. And do any of the employees ever go downstairs in the office for certain purposes? A. Sure. Q. Do any of the employees from the sixth ever go to the fifth, in the course of their employment, for business purposes? A. Yes I understand they do."

While no one saw the accident, the circumstances indicate that the decedent fell from the fifth floor. It is admitted that he died as a result of injuries sustained in a fall.

The referee denied compensation on the ground that there was no proof of an accidental death in the course of employment or of dependency. Upon appeal, the board reversed the findings of the referee and found in its ninth finding, on sufficient competent evidence, as follows: "Decedent's duties did not require him to use the freight elevator, and there is no proof as to his reason for going to the fifth floor of the building: on the other hand, there is also no proof that in going to the fifth floor, he either violated any positive instruction of his employer or knew of the existence of such instruc-

tions prohibiting him from going to the fifth floor during the hours of his employment." The board concluded that decedent died as a result of an accidental injury during the course of his employment with the defendant, and that the claimants were partially dependent upon their son for support at the time of his death, and accordingly made an award.

The appellants do not question the finding that the claimants were partially dependent, but earnestly contend that the decedent at the time of his death was not engaged in the course of his employment.

In compensation cases where there are, as here, unexplained circumstances attending a fatal accident, the prevailing rule is that, if an employee was last seen at his work, he is presumed to have continued at his employment, in the absence of evidence to the contrary. In *Shoffler v. Lehigh Valley Coal Co.*, 290 Pa. 480, 483, 139 A. 192, the rule is thus stated, as follows: "Under the Compensation Act, an injury in the course of employment embraces all injuries received while engaged in furthering the business of the employer, and injuries received on the premises, subject to these limitations: (1) the employee's presence must ordinarily be required at the place of injury, or, (2) if not so required, the departure of the servant from the usual place of employment must not amount to abandonment of employment, or be an act wholly foreign to his usual work; it must be merely an innocent or inconsequential departure from the line or place of duty." In *Flucker v. Carnegie Steel Co.*, 263 Pa. 113, 119, 106 A. 192, the court said: "Where no facts appear indicating anything to the contrary, it may be presumed logically that an employee at his regular place of service, during his usual working hours, is there in discharge of some duty incident to his employment; and, when the dead body of an employee is found on the premises of his employer, at or near his regular place of service, under circum-

stances fairly indicating an accidental death which probably occurred during the usual working hours of the deceased, the inference may fairly be drawn, in the absence of evidence to the contrary, that the employee was injured in the course of his employment......" It is not necessary, to entitle a claimant to compensation, that the injury be sustained while the employee was actually engaged in the work he was hired to do: *Hale v. Savage Fire Brick Co.,* 75 Pa. Superior Ct. 454.

It was held in *Granville v. Scranton Coal Co.,* 76 Pa. Superior Ct. 335, that an employee in merely going from one floor in a breaker where he was employed, to another floor where he was injured, was not doing something entirely foreign to his employment. In *Hiles v. Hecla C. & C. Co.,* 296 Pa. 34, 145 A. 603, the deceased was last seen going toward a company pier and his body was not found until three months later, twelve hundred feet from the place of his duty, and the court sustained an award. In *Laraio v. Penna. Railroad Co.,* 277 Pa. 382, 121 A. 325, the body of a workman was found shortly after he had reported for work on the ground outside of and close to a building, directly beneath an open window of a toilet room on the third floor which he had a right to use. It was held that, in the absence of any evidence as to the cause of the accident, it may be presumed the deceased met his death in the course of his employment. In *Adams v. Colonial Colliery Co.,* 104 Pa. Superior Ct. 187, 158 A. 183, we stated that the provisions of the Workmen's Compensation Act are sufficiently broad to include every accidental injury received on the premises of an employer during hours of employment, so long as the nature of the employment demands the employee's presence there, regardless of whether he is actually required to be at the particular place where the injury occurred, provided there has not been a virtual abandonment of his work, or he was not engaged in something wholly foreign thereto. An em-

ployee does not depart from his employment when he leaves temporarily the place he ordinarily works, whether for leisure, recreation, or comfort: *Haywood v. Henrietta Coal Co. et al.*, 118 Pa. Superior Ct. 371 180 A. 34; *Dunphy v. Augustinian College of Villanova*, 129 Pa. Superior Ct. 262, 195 A. 782.

In the instant case, there is no testimony to support the finding that the deceased had actually abandoned his work, or that he was engaged at the time of the accident in something wholly foreign to his employment, or that he had received positive orders not to go to the fifth floor. He was injured during working hours on the employer's premises. It may be fairly assumed, therefore, that he went to that floor in the performance of some duty in connection with his work, or for some purpose that did not take him out of the course of his employment. Recovery under the Workmen's Compensation Act is not necessarily defeated for the violation of positive orders, provided the employee's duties included the doing of an act which caused the injury, or where his duties were so connected with the act which caused the injury that as to it he was not in the position of a stranger or trespasser: *Dickey v. P. & L. E. R. R. Co.*, 297 Pa. 172, 146 A. 543. Certainly, the deceased could not, under the facts present, be regarded as a trespasser. In *Walker v. Quemahoning Coal Co.*, 99 Pa. Superior Ct. 252, the claimant admitted he knew he was violating the positive orders of the defendant but it was held that he was not deprived of compensation as the act which caused his injury was closely connected with his duties. See also, *Karchut v. Helvetia Coal Mining Co.*, 110 Pa. Superior Ct. 200, 168 A. 375.

The defendant contends, also, that the decedent was not on its premises when he fell, as the "premises" must be confined to the floor, at least, on which the defendant's chief duties were performed. This position, we think, is without merit. See *Feeney v. N. Snellenburg*

*& Co. et al.*, 103 Pa. Superior Ct. 284, 157 A. 379; *Molek v. W. J. Rainey, Inc.*, 120 Pa. Superior Ct. 95, 181 A. 841.

After giving due consideration to all the points advanced in the argument of able counsel for appellants, we are convinced that the circumstances attending the death are such that we are not justified in disturbing the findings of fact and conclusions of law reached by the board.

Judgment affirmed.