Peoples-Pittsburgh Trust Company *v.* Fidelity Trust Company et al., Appellants.

Argued May 5, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Raymond G. Flannery*, with him *Arthur M. Grossman*, for appellants.

*Alex. A. Garroway*, with him *Theron B. Hamilton*, for appellee.

OPINION BY BALDRIGE, J., July 23, 1942:

This appeal is from the order of the court below sustaining the workmen's compensation board in making

an award in favor of two minor children of Monroe Ellsworth Ormes, deceased.

Ormes, a janitor of a small apartment house in Pittsburgh, was burned to death in his apartment situated above the garage 60 feet in the rear of the main apartment building where he performed his work. A claim for compensation on behalf of a minor daughter Gretta Angelica Ormes, who lives with her paternal grandmother, was filed July 5, 1938, by the Peoples-Pittsburgh Trust Company, guardian. On October 28, 1939, more than two years after deceased's death, the Trust Company amended its petition naming another child, Gwendolyn Marlyn Ormes, who lives with her mother the divorced wife of the deceased, as an additional dependent child entitled to compensation. The referee disallowed compensation, finding that the deceased was not in the course of his employment when he met his death and ruled also that the amended petition was barred by the limitation specified in section 315 of the Act of June 2, 1915, P. L. 736, 77 PS §602. The board vacated certain material findings of the referee and substituted its own holding that the decedent was at the time of death on 24 hour service as he was subject to call at any time and his death occurred in the course of his employment; that the amended petition was filed in time because it was during Gwendolyn's minority. Accordingly, the board awarded both minor children compensation until each attained the age of 18 years.

There is little dispute over the essential facts. The deceased's duties were those usually discharged by a janitor of a small apartment house and included the care of the grounds. Ordinarily during the summer months and early fall when a fire in the furnace was not required his hours were from 7:00 A.M. until dinner time in the evening. There were rare occasions that he was called upon to perform some slight service out-

side of those hours. On the night in question the furnace was not in operation and the deceased between 7:00 P.M. and 7:00 A.M. was free to leave the premises. He was paid wages of $50 per month by his employer, the Fidelity Trust Company, a mortgagee in possession under agreement with the owner, less $10 rent for his living quarters comprising a living room, kitchen, bedroom and bath.

During the evening of September 10, 1937, Ormes entertained two men friends and three women in his apartment. Whiskey, wine and beer were served to all the members of this group. About 12:45 A.M. he took three of his guests on an automobile ride returning to the apartment at 1:30 A.M. The party broke up about 2:15 A.M. and the last time Ormes was seen alive was when he came out and assisted his friends in pushing their car to get it started. The firemen who had been called reached the apartment around 4:00 A.M. and discovered Ormes' body almost fully dressed lying partly under the couch in the living room. They found several empty bottles and a half-gallon glass container with some wine in it.

Whether deceased met death in the course of his employment is a question of law for the courts: *Lewis v. Capital Bakers, Inc. et al.*, 144 Pa. Superior Ct. 171, 18 A. 2d 883; *Strunk v. E. D. Huffman & Sons*, 144 Pa. Superior Ct. 429, 19 A. 2d 539. Even if we assume, as the appellee contends, that the deceased's apartment was a part of the employer's premises within the meaning of that term used in our compensation act [compare *Brown v. Elks' Club No. 123*, 113 Pa. Superior Ct. 226, 172 A. 408; *Dunphy v. Auguistinian College of Villanova et al.*, 129 Pa. Superior Ct. 262, 195 A. 782; and *Tappato et al. v. Teplick & Eisenberg Co. et al.*, 133 Pa. Superior Ct. 231, 2 A. 2d 545] there is no evidence to support the board's finding that de-

ceased was on 24 hour duty subject to call at any time when he died thus warranting the conclusion that he was in the course of his employment at the time of his death. The proof is directly to the contrary. When the furnace was not in operation Ormes' hours of employment in no instance extended beyond 9 :00 P.M. Furthermore, on the evening and early morning in question he undoubtedly removed himself from the course of his employment in acting as host to a drinking party which had nothing whatever to do with his usual employment, being wholly foreign thereto. The fact that he was found fatally burned by a fire, probably of accidental origin, in his home located on his employer's premises did not warrant the conclusion that he met his death in the course of his employment. This is not a case where an employee after performing his usual duties was found dead on his employer's premises under unexplained circumstances.

It is unnecessary to pass upon the question of whether the claim on behalf of Gwendolyn Ormes was filed in time. We might state, however, that in *Sweeney v. Reading Co.*, 146 Pa. Superior Ct. 539, 23 A. 2d 66, a claim on behalf of a second child was not filed, as here, within two years after her father's death, nor was the original claim made on behalf of a definite number of dependents. We held she was barred by the limitations specified in Section 315 of the Act of 1915, supra, as amended by the Act of 1937, June 4, P. L. 1552, §1, 77 PS §602.

Judgment and order of the court below are reversed with directions to enter judgment in favor of the defendant.