Werner et al. *v.* Allegheny County et al., Appellants.

Argued May 5, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Arthur M. Grossman,* with him *Raymond G. Flannery,* for appellants.

*Irwin M. Ringold,* with him *David R. Levin,* for appellees.

OPINION BY RHODES, J., July 16, 1943:

This is a workman's compensation case in which claimant, who is the daughter of the deceased employee, filed a claim for funeral expenses, and for compensation on behalf of her two minor children. The Workmen's Compensation Board allowed $200 for funeral expenses in favor of claimant, and awarded compensation in favor of the minor children as the result of the death of their grandmother. Appellants are the County of Allegheny and its insurance carrier.

The three questions which have been presented were decided adversely to appellants by the board which was affirmed by the court below. The questions may be stated as follows: (1) Was deceased accidentally injured in the course of her employment? (2) Did deceased stand in loco parentis to the children of her daughter, and were said children members of deceased's household at the time of her death? (3) Could a second claim petition be considered as a petition for rehearing when the first petition had been dismissed by the referee and no appeal taken?

Our approach must be with recognition of the principle that our function as well as that of the court below is limited to determining whether there is competent and substantial evidence sufficient to support the findings of fact made by the board, as we have no power to weigh the evidence and revise those findings,

and thereupon reverse the final action of the board. *Abbadini v. Vesta Coal Co.*, 149 Pa. Superior Ct. 244, 247, 27 A. 2d 734; *Kasman v. Hillman Coal & Coke Co.*, 149 Pa. Superior Ct. 263, 264, 27 A. 2d 762. But whether there is such evidence, and whether the law has been properly applied are questions which are reviewable. *Yanik v. Pittsburgh Terminal Coal Corp. et al.*, 150 Pa. Superior Ct. 148, 155, 27 A. 2d 564.

Claimant's mother was employed by the County of Allegheny as a hostess and guide for a historical building known as the Stone Manse which is located in South Park in Allegheny County. Deceased lived in a 5-room bungalow owned by the county and also located in South Park about 150 to 200 feet from the Stone Manse. On the morning of April 27, 1940, between 10:30 A.M. and 11 A.M., deceased was found lying on the floor of the dining room of the bungalow with the left side of her body on the hot air register. She was severely burned on the left side of her face and body, and died the following day.

In disposing of the first question the board found that "decedent was in the course of her employment with the defendant on April 27, 1940, and suffered an injury by accident on the premises of the defendant in the course of her duties and furthering the interests of her employer and as a result of said injuries died on April 28, 1940." There is evidence that deceased died as the result of her burns, and it is not seriously questioned by appellants that they were accidentally sustained. Appellants' argument is directed to the contention that deceased was not injured while on her employer's premises and in the course of her employment. The board found that deceased was employed by the County of Allegheny in April, 1936, and at that time moved to the bungalow in South Park, which was provided by the county without charge to deceased; that the county also furnished deceased with coal, light,

and water; that deceased's duties included the guiding or conducting of parties through the Stone Manse at such hours as she might be called upon to do so; that deceased's occupation of the bungalow inured and operated to her employer's benefit; and that, from the circumstances and nature of deceased's duties and irregular hours, living in and occupying the bungalow was a necessity. The finding and conclusion that deceased sustained accidental injuries while in the course of her employment with the County of Allegheny on April 27, 1940, followed the basic facts found.

Whether deceased, on the state of facts found, was in the course of her employment when fatally injured, within the meaning of the Workmen's Compensation Act of June 2, 1915, P. L. 736, art. 3, §301, as amended by the Act of June 21, 1939, P. L. 520, §1, 77 PS §411, is a question of law and subject to review. *Hockenberry v. State Workmen's Insurance Fund et al.,* 133 Pa. Superior Ct. 249, 251, 252, 2 A. 2d 536; *Strunk v. E. D. Huffman & Sons et al.,* 144 Pa. Superior Ct. 429, 434, 19 A. 2d 539.

The testimony relating to her duties and hours of employment was rather meager. But on appeal we must view the evidence in the light most favorable to the claimant since the findings and awards are in favor of the claim. *Dosen v. Union Collieries Co.,* 150 Pa. Superior Ct. 619, 626, 29 A. 2d 354. It disclosed that deceased's position did not require her constant presence in the Stone Manse, but she was to be available at the bungalow. Her duties did require her to escort people through the building, who were interested in it and its contents, and it devolved upon her to take care of it, keep it open or open it to accommodate the public at any time.

To adequately perform her duties it was a reasonable inference from all the testimony that living in and occupying the bungalow was a necessity; and we

think it was a proper conclusion from the underlying facts that deceased was injured in the course of her employment. "The term 'course of employment' has a necessary relation to the fact of employment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises": *Palko v. Taylor-McCoy Coal & Coke Co. et al.,* 289 Pa. 401, at page 404, 137 A. 625, at page 626; *Cohen v. Central Home Furniture Co. et al.,* 146 Pa. Superior Ct. 499, 502, 23 A. 2d 70, 71. The Stone Manse and the bungalow were located on the property of the county; it is true that the mere fact that the county owned the land on which both were located is not sufficient to establish the right to compensation. See *Leacock v. Susquehanna Collieries Co.,* 98 Pa. Superior Ct. 581, 585; *Ewing v. Alan Wood Steel Co.,* 138 Pa. Superior Ct. 519, 523, 524, 12 A. 2d 121. The word "premises" in the act, 77 PS §411, is limited to the property of the employer used in connection with the actual place of work where the employer carries on the business in which the employee is engaged. *Meucci v. Gallatin Coal Co. et al.,* 279 Pa. 184, 186, 123 A. 766; *Reese v. Pennsylvania R. Co.,* 118 Pa. Superior Ct. 112, 115, 180 A. 188. "To be considered as happening on the 'premises' of the employer the accident must have occurred on the property owned, leased or controlled by the employer and so connected with the business in which the employee is engaged, as to form a component or integral part of it": *Feeney v. N. Snellenburg & Co. et al.,* 103 Pa. Superior Ct. 284, at page 287, 157 A. 379, at page 380. But there is no doubt that deceased's presence in the bungalow was in furtherance of the interests of her employer and for its benefit; and it was thus so connected with the business in which deceased was engaged as to form a component or integral part of it. See *Strunk v. E. D. Huffman & Sons et al.,* supra; *Di Cicco v. Downs Carpet Co., Inc.,* 137 Pa. Superior Ct. 483, 9 A. 2d 183. Although her hours of

employment were indefinite, it cannot be said that the board could not find from the competent evidence that she was injured in the course of her duties and while her presence on the premises was required by the nature of her employment. Her actual hours of work in the Stone Manse are not controlling; it was to be determined from all the facts and circumstances whether her presence in the bungalow was required by the nature of her employment. *Malky v. Kiskiminetas Valley Coal Co. et al.*, 278 Pa. 552, 555, 556, 123 A. 505. When she was found injured on the morning of April 27th she was where she was required to be to respond to any call for her services. *Dunphy v. Augustinian College of Villanova et al.*, 129 Pa. Superior Ct. 262, 195 A. 782; *Berlin v. Crawford*, 86 Pa. Superior Ct. 283. There was no evidence that deceased had removed herself from the course of her employment or that she was engaged in something foreign thereto. See *Peoples-Pittsburgh Trust Co. v. Fidelity Trust Co. et al.*, 149 Pa. Superior Ct. 444, 27 A. 2d 445.

The second question offers no difficulty. The evidence was manifestly insufficient as a matter of law to establish that the minor children were members of deceased's household. The board found that deceased stood in loco parentis to her two grandchildren, and that they were members of her household at the time of her death. As we have said in *Brovdy et al. v. Jones & Laughlin Steel Corp.*, 145 Pa. Superior Ct. 602, 604, 21 A. 2d 437, there must be proof of these two co-existing conditions to sustain the award of compensation in favor of the grandchildren.

Section 307 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520, §1, 77 PS §562, provides: "If members of decedent's household at the time of his death, the terms 'child' and 'children' shall include stepchildren, adopted children and children to whom he

stood in loco parentis, and shall include posthumous children."

Although we fail to find in the evidence facts to show that deceased assumed a parental character or discharged parental duties as to her grandchildren from April, 1936, to her death on April 28, 1940, our conclusion does not depend or rest upon this phase of the question, because the children were not members of her household at the time of her death as the act prescribes. See *Hudek v. United Engineering & Foundry Co. et al.*, 152 Pa. Superior Ct. 493, 33 A. 2d 41. At least for four years prior to deceased's death she and claimant with her children lived apart, except for occasional visits which were natural and incidental to the relationship.

In 1933, claimant's husband deserted her and her children. Her father-in-law allowed her to occupy his house at No. 4 Franklin Street, Millvale, Pa. Claimant testified: "Q. And following this particular separation, where did you and the children live? ...... A. Well, I did not have any place really to live so my mother took over and made the home for me, she made an arrangement with my father-in-law who owned this old house that if he would give me the rent for four rooms of it free that she would provide and make the home for me. ...... at that time she was engaged in the beauty business in Wilkinsburg so she had leased an apartment and she went on and paid her lease there because she wanted to vote in Wilkinsburg, then she came and run this place for me and lived with me until she took her position in South Park."

The board's fifth finding of fact reads:

"Fifth: That in January, 1936, May Wellman, deceased, took up her residence at No. 4 Franklin St., Millvale, Penna., and members of her household included a married daughter, Mrs. N. E. Werner (May W. Werner), who had previously been separated from

her husband and Gloria Werner, born October 11, 1925, and Nelson Eugene Werner, born April 30, 1928, minor children of Mrs. N. E. Werner, under an agreement with Mrs. N. E. Werner's father-in-law, to provide them with a house without rent and they continued to live together in said household until April, 1936, when decedent secured a political job as hostess at the Stone Manse at South Park, Allegheny County, which job she held until her death."

As found by the board, claimant and deceased lived together for about four months—from January, 1936, to April, 1936, at No. 4 Franklin Street, Millvale, Pa. Claimant's home continued to be at the latter place, while deceased had her own home for four years at South Park. They were 12 miles apart. That they were distinct and separate domestic establishments or households is indisputable. At the time of deceased's death the son-in-law and daughter of claimant and their child lived with claimant in addition to the minor children, and the son-in-law contributed to the household expenses. Another son was also at home. Deceased's contributions towards the support of her daughter and grandchildren could not alone change the situation. Parents frequently give financial assistance to their children who live in their own homes, and children help support their parents in like manner, but such acts produce no consolidation of their respective households.

The act is specific in its requirement that the grandchildren must have been members of deceased's household at the time of her death, even though she stood in loco parentis to them, to warrant the payment of compensation. This requirement was not met and the judgment which included the awards cannot stand to that extent.

The board's disposition of the third question will be sustained under the circumstances of this case. The

second petition, to which an answer on the merits was filed, was treated as a petition for rehearing under the appropriate section of the act. Appellants concede that the board could do this. See section 426 of the Workmen's Compensation Act of 1915, as amended by Act of June 21, 1939, P. L. 520, §1, 77 PS §871; *Manley v. Lycoming Motors Corp. et al.*, 83 Pa. Superior Ct. 173; *Petrovan v. Rockhill Coal & Iron Co.*, 130 Pa. Superior Ct. 58, 196 A. 516; *Eberst v. Sears, Roebuck & Co.*, 133 Pa. Superior Ct. 427, 3 A. 2d 25, reversed on other grounds in 334 Pa. 505, 6 A. 2d 577; *Jordan v. Merchants Meat Co. et al.*, 138 Pa. Superior Ct. 133, 10 A. 2d 72.

In its opinion the board said: "It is now well settled law that a petition presented under an improper section of the act will not be disregarded, but will be deemed to have been presented under the proper section. *Eberst v. Sears, Roebuck & Co.*, 133 Pa. Superior Ct. 427. We have taken into consideration not only that claimant was not represented by counsel at the first hearing, but that she is the claimant in name only; that this action is brought by her as a parent and natural guardian of Gloria Werner and Nelson Werner, minors. The law has always zealously guarded and protected the rights of minor children. The defendant has not been prejudiced and we believe that in this particular case, the legal rights of the minors should not be forfeited by the lapses and negligent omissions of another."

We think the record discloses sufficient ground for the board's action.

The judgment is reversed to the extent that it includes awards in favor of the minor children of claimant; the balance of the judgment is affirmed.