## Wolsko, Appellant, *v.* American Bridge Company et al.

340

Argued October 23, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John E. Evans, Jr.,* with him, *Evans, Evans & Spinelli,* for appellant.

*John R. Bredin,* with him *Dalzell, McFall, Pringle & Bredin,* for appellee.

OPINION BY RHODES, J., December 22, 1945:

Claimant, in this workmen's compensation case, is the widow of George Wolsko who was killed on September 28, 1943, in the shipyard of the American Bridge Company, at Pittsburgh, Pa. Deceased was employed as a tester of landing ship tanks which were being constructed by defendant. He had been employed by defendant for a period of six or seven months before he was discharged on September 22, 1943. On September 27, 1943, he was reëmployed. On that date he worked from 5 p.m. to 2:30 a.m., and was scheduled to work the same shift on the following day—September 28, 1943. On the afternoon of the latter day, at 3:45 p.m., he appeared at an employment office of defendant in Ambridge, a mile from the shipyard, and was given a temporary badge which would admit him to defendant's shipyard. Between 4:30 and 5 p.m., deceased was seen on the main deck of landing ship tank No. 286 which was being constructed in the southways of defendant's shipyard. His work the previous night had been on landing ship tank No. 282, located in the northways of the shipyard. The testimony indicated the distance between the southways and the northways to be between 500 and 1,100 feet. Deceased, in some unexplained manner, fell a distance of 35 feet from the bow of landing ship tank No. 286 to the concrete pavement below (Board's fourth finding of fact). He died before reaching the hospital. It was permissible for an employee to enter defendant's shipyard about 3 p.m. even though his work did not begin until 5 p.m. The men were usually on the premises one-half to three-quarters of an hour before the hour fixed to begin work.

The referee made an award in favor of claimant and her minor son. The Workmen's Compensation Board reversed the referee and disallowed compensation. The board found that deceased had met his death by an accidental fall from the boat deck, and that at the time he was upon the employer's premises preparatory to starting work at 5 p.m.; but compensation was disallowed on two grounds: (a) There was no causal connection between the employment and the accident, (b) claimant had not established that the presence of deceased was necessary at the place where the accident occurred. The court below affirmed the board for the reason that claimant had not produced any facts or circumstances from which it could be determined or inferred that deceased was required to be where he was when he was accidentally killed.

The burden was upon claimant to prove her case, but we think the board and the court below were wrong in placing the additional burden upon her. We are also of the opinion that the board was wrong in its conclusion that a causal connection between the employment and the accident was essential.

We do not differ on two fundamentals: (1) That deceased's death was accidental,[1] and (2) that the accident occurred on the premises of the employer.[2]

The board's attitude is indicated in the following excerpt from its opinion: "If the determination of compensation here depends solely upon the finding of death from any accidental cause, we would necessarily sustain the referee's award." But the board went on to say:

---

[1] It was not incumbent upon claimant to show the exact nature of the accident or just how it occurred. *Hunter v. American Oil Co. et al.*, 136 Pa. Superior Ct. 563, 571, 7 A. 2d 479. An accident sustained in the course of employment from an unexplained cause is compensable. *Zelazny v. Seneca Coal Mining Co. et al.*, 275 Pa. 397, 400, 119 A. 487; *Hopwood v. Pittsburgh*, 152 Pa. Superior Ct. 398, 405, 33 A. 2d 658.

[2] The board said: "In our opinion the decedent was upon the premises preparatory to starting work at 5:00 P.M. on September 28th."

"The law does not go so far as to say that every death by accident is compensable. There must be some causal connection between the employment and the accident. The present record only establishes that the decedent was an employee of the defendant and the death occurred on defendant's premises . . . The fatal defect in claimant's case is that she has not established, nor in fact produced any testimony whatsoever, that the presence of her decedent was necessary on Boat 286 in the Southways, when the nature of his employment required him to be on Boat 282 in the Northways, about 1000 feet away. The burden of proof was upon the claimant."

Defendant's counsel insists that no compensation should be awarded to claimant because deceased was not on the employer's premises at a place where his presence was required by the nature of his employment at the time of the accident.

We agree with the board that the accident in question occurred on the employer's premises. We recognize that the word "premises," in section 301 of the Act of June 2, 1915, P.L. 736, as reënacted and amended by the Act of June 21, 1939, P.L. 520, 77 PS § 411, does not include all property of the employer, "but does embrace that used in connection with the actual place of work where the employer carries on the business in which the employee is engaged [cases cited]": *Hopwood v. Pittsburgh,* 152 Pa. Superior Ct. 398, 403, 33 A. 2d 658, 661. As we said in *Feeney v. N. Snellenburg & Co. et al.,* 103 Pa. Superior Ct. 284, 287, 157 A. 379, an accident, to be considered as happening on the premises of the employer, must have occurred on property owned, leased, or controlled by the employer and so connected with the business in which the employee is engaged as to form a component or integral part of it. Defendant was engaged in shipbuilding; the accident happened in defendant's shipyard, which was being used at that time for that purpose. Deceased was employed in connection with the construction of landing ship tanks, and he

was on the premises of the employer used specifically in building such boats. It is true, at the time that he was injured, he was not on the particular landing ship tank where he had worked the day before. But deceased having entered defendant's shipyard where he was employed, if an accident occurred on his way to work, even though his actual place of work might be a half mile or a mile, or more, distant, it would be compensable.

The fact that deceased was on the employer's premises and sustained an accidental injury sometime prior to the hour his work was to begin, is not in itself sufficient to defeat the claim for compensation. Deceased was injured about 15 minutes before his day's work was to begin. It was entirely proper for deceased to be on the premises of his employer a reasonable length of time before the hour fixed for him to commence his duties. *Carlin v. Coxe Bros. & Co., Inc.*, 274 Pa. 38, 40, 117 A. 405; *Feeney v. N. Snellenburg & Co. et al.*, supra, 103 Pa. Superior Ct. 284, 289, 157 A. 379. It does not appear, under the circumstances of this case, and the board has not found, that deceased was on the employer's premises an unreasonable length of time before his actual labors were to begin.

The board erroneously held that claimant had the burden to prove that deceased's presence was "necessary on Boat 286 in the Southways," and this principle, in disallowing compensation, was affirmed by the lower court. As a result the board's fifth finding of fact reads as follows:

"Fifth: We find as a fact that no duty or business of the defendant called him to the scene of the accident, which was approximately 1100 feet from his proper working place on Boat 282 in the Northways; when he met death he was not engaged in the furtherance of the business or affairs of his employer; and nothing in the nature of his employment required his presence at or near the boat in the Southways where the accident occurred."

It is not necessary to entitle a claimant to compensation that the injury be sustained while the employee is actually engaged in the work he was hired to do *(Hale v. Savage Fire Brick Co.,* 75 Pa. Superior Ct. 454; *Hopwood v. Pittsburgh,.* supra, 152 Pa. Superior Ct. 398, 404, 33 A. 2d 658) ; and the fact that an employee has not started his actual work is immaterial if at the time of the accident he is in fact on the premises of his employer *(Molek v. W. J. Rainey, Inc.,* 120 Pa. Superior Ct. 95, 102, 181 A. 841). He is considered to be within the course of his employment if on the "premises" where he is employed a reasonable length of time before the hour fixed to commence his duties. *Kerwin v. Susquehanna Collieries Co.,* 112 Pa. Superior Ct. 594, 598, 172 A. 24. Actual work does not have the same meaning as "course of employment"; hours of employment are not confined to the period for which services are paid. *Jenkins v. Glen Alden Coal Co.,* 126 Pa. Superior Ct. 326, 329, 191 A. 227. In *Reese v. Pennsylvania R. Co.,* 118 Pa. Superior Ct. 112, 180 A. 188, we also said that where an employee enters that part of the property where his presence is required he is engaged in the furtherance of the business of the employer, even though he may not be performing the precise task which is the primary purpose of his employment or be at the precise location regularly occupied by him. Deceased having entered defendant's premises a reasonable time prior to taking up the work of the day was within the protection of the Workmen's Compensation Act, although he was not at the exact place of his employment, and although the tools were not yet in his hands. *Black v. Herman et al.,* 297 Pa. 230, 232, 146 A. 550. Section 301 of the Workmen's Compensation Act of 1915, as reënacted and amended, 77 PS § 411, would be applicable.[3] In con-

---

[3] "The term 'injury by an accident in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an em-

struing section 301 of the Workmen's Compensation Act of 1915, 77 PS § 411, it was held, in *Callihan v. Montgomery,* 272 Pa. 56, 63, 115 A. 889, 891, that it is "broad enough to include every injury received on the premises of the employer, during the hours of employment, so long as the nature of the employment demands the employee's presence there, regardless of whether his presence at the particular place where the injury occurred is actually required, if there is nothing to prove a virtual abandonment of the course of his employment by the injured person, or that, at the time of the accident, he was engaged in something wholly foreign thereto."

When we apply these legal principles to the facts of this case, it is clear to us that the disallowance of compensation and the judgment in favor of defendant must be set aside.

A further misconception of the law was the pronouncement of the board that there must be some causal connection between the employment and the accident. We have repeatedly held that it is not a requirement in this state that the accident arise out of the employment. *Hale v. Savage Fire Brick Co.,* supra, 75 Pa. Superior Ct. 454, 457; *Granville v. Scranton Coal Co.,* 76 Pa. Superior Ct. 335, 339; *Franks v. Point Marion Bridge Co.,* 128 Pa. Superior Ct. 269, 282, 193 A. 421; *Hopwood v. Pittsburgh,* supra, 152 Pa. Superior Ct. 398, 404, 33 A. 2d 658.

---

ploye or because of his employment; but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment": Section 301 (c) of the Act of June 21, 1939, P. L. 520, 77 PS § 411. This portion of section 301 of the Act of 1939 reads the same as the same portion of section 301 of the Act of 1915.

Those cases where the accident occurred off the premises are in no way applicable. In such cases the burden rests on claimant to prove that the employee was actually engaged in the furtherance of the business or affairs of the employer, and that his presence was required at the place of the accident by the nature of his employment. *Knowles v. Parker Wylie Carpet Co., Inc., et al.,* 129 Pa. Superior Ct. 257, 260, 195 A. 445; *Kattera v. Burrell Construction & Supply Co. et al.,* 152 Pa. Superior Ct. 591, 595, 33 A. 2d 498. The board, in support of its conclusion as to the burden of proof, relies upon *Stauffer v. Susquehanna Collieries Co.,* 116 Pa. Superior Ct. 277, 176 A. 740, and *Kuca v. Lehigh Valley Coal Co.,* 268 Pa. 163, 110 A. 731. Neither case is controlling. In the *Stauffer* case there were two possible causes of death, and no expert evidence was furnished by claimant as to the cause. We were of the opinion that to hold defendant responsible it would be necessary to resort to a mere guess or conjecture as to the cause of death, and that claimant failed to sustain the burden of proof imposed upon her. In the *Kuca* case the employee wandered entirely away from the active operations of the mine into an abandoned opening, forming no part of the premises in which the business of mining was then being carried on, and was killed by an explosion of gas when about 70 feet down the opening. He could have had no possible business or excuse in this abandoned opening in connection with or in the course of his employment.

The most that can be said in the present case is that deceased was not at the exact place on defendant's premises where his duties were to be performed when he was fatally injured. But he had entered the premises of defendant—the shipyard—where his presence was required. He was not on the premises an unreasonable length of time prior to the beginning of his day's task. Neither the purpose nor the motive for his presence on landing ship tank No. 286 was established. But

there might be several proper and natural reasons for his being in the southways of the shipyard. *McAdams v. Pearson and Ludascher,* 92 Pa. Superior Ct. 152, 157. There is no sufficient testimony to show that he had abandoned his employment, or that he was engaged in something entirely foreign thereto, or that he acted contrary to any positive orders of his employer, or that he was a trespasser. See *Tappato et al. v. Teplick & Eisenberg Co. et al.,* 133 Pa. Superior Ct. 231, 236, 2 A. 2d 545. The burden of proof of any such affirmative defense was here on defendant. See *Keyes et al. v. New York, Ontario & Western Ry. Co.,* 265 Pa. 105, 108, 108 A. 406; *Molek v. W. J. Rainey, Inc.,* supra, 120 Pa. Superior Ct. 95, 101, 181 A. 841; *Young et al. v. State Workmen's Insurance Fund et al.,* 137 Pa. Superior Ct. 405, 408, 9 A. 2d 198; *Hopwood v. Pittsburgh,* supra, 152 Pa. Superior Ct. 398, 405, 33 A. 2d 658. Evidence which amounts to a mere scintilla, or does nothing more than create suspicion of the existence of the fact to be established is insufficient. *Lewis v. Capital Bakers, Inc., et al.,* 144 Pa. Superior Ct. 171, 176, 18 A. 2d 883. Had there been negligence on the part of deceased, it would not operate as a bar to claimant's right to compensation. Accidental injuries received in the course of employment are compensable without regard to negligence.

We are of the opinion that on the facts found by the board there remained only a question of law, and that the conclusions of the board and of the court below were erroneous. See *Berlin v. Crawford,* 86 Pa. Superior Ct. 283, 288; *Strunk v. E. D. Huffman & Sons,* 144 Pa. Superior Ct. 429, 436, 19 A. 2d 539.

The judgment is reversed, and the record is remitted to the court below with direction to enter judgment, as computed by the referee in his award, in favor of claimant, as widow of deceased employee and for dependent minor son, and against defendant and its insurance carrier.