Weiss *v.* Friedman's Hotel, Appellant.

Argued April 13, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*John M. Wolford,* for appellant.

*Howard N. Plate,* with him *Quinn, Leemhuis, Plate & Dwyer,* for appellee.

OPINION BY WRIGHT, J., July 13, 1954:

This is a workmen's compensation case. The controlling issue is whether claimant was injured in the course of her employment, Act of June 2, 1915, P. L. 736, §301(c), as amended, 77 PS 411, which presents a question of law: *Rybitski v. Lebowitz,* 175 Pa. Superior Ct. 265, 104 A. 2d 161. The lower court affirmed an award by the Workmen's Compensation Board, and entered judgment in favor of the claimant. This appeal followed.

At the time of the accident, appellant operated a summer hotel at Cambridge Springs, Crawford County.[1] Appellee was employed for the summer season under a written contract which provided, inter alia, that she should "have charge of and prepare all cooking of food, pastries, cakes, etc., as may be required to feed and serve all patrons, help and management of said Hotel; *to live on the premises and be available at all times* for the efficient operation of the

---

[1] The parties stipulated that the Court of Common Pleas of Erie County should take jurisdiction. See Act of June 2, 1915, P. L. 736, §427, as amended, 77 PS 872.

kitchens of said Hotel" (italics supplied). At eight o'clock p.m. on Sunday, August 24, 1947, appellee had finished serving supper, and had made preparations to bake cakes for the next day. She told Mrs. Friedman, "I am running up to the shower to change my clothes, and in case anything goes on in the kitchen you be around". Mrs. Friedman replied, "Certainly". While in the shower, appellee slipped and fell against the bathtub, injuring her leg, back and head. She was not certain what had caused her to slip, stating, "Maybe it was a piece of soap or something". Appellee testified that her working hours were unlimited, sometimes eighteen to twenty hours a day. It was necessary for her to take several showers during that period because of the excessive heat, being customarily released by her employer for that purpose. She also testified that, after the accident, she returned to the kitchen and directed the baking operation.

Section 301(c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §411, provides in pertinent part that the term " 'injury by an accident in the course of his employment' " shall include injuries "sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment". Counsel for appellant contends that recovery by the appellee must be upon the basis that she was actually engaged in the furtherance of the

business of the employer when the accident happened, irrespective of where it occurred. His position is that the accident here under consideration was not caused by the condition of the premises or by the operation of the employer's business thereon.

Our Workmen's Compensation Act does not require that the injury "arise out of the employment", but only that it occur "in the course of the employment": *Hale v. Savage Fire Brick Co.*, 75 Pa. Superior Ct. 454. The term "course of employment" has been uniformly held to include intervals of time for leisure interspersed in regular working hours for rest or refreshment on the premises. In the early case of *Dzikowska v. Superior Steel Co.*, 259 Pa. 578, 103 A. 351, during an interval of leisure on the premises, an employe struck a match for the purpose of lighting a cigarette. His clothes, saturated with oil, caught fire and he was fatally burned. In allowing compensation, the Supreme Court laid down the rule that acts of ministration by an employe to himself, performance of which while at work are reasonably necessary to his health and comfort, are incident to the employment. A more strict rule applies if the accident occurs off the premises: *Palko v. Taylor-McCoy Coal & Coke Co.*, 289 Pa. 401, 137 A. 625; *Shoffler v. Lehigh Valley Coal Co.*, 290 Pa. 480, 139 A. 192.

In the case at bar counsel for appellant concedes, as indeed he must, that the accident occurred on the premises. An employe is entitled to compensation for every injury received on the premises of his employer during the hours of employment, regardless of whether he is actually required to be at the particular place where the injury occurred if there is nothing to show that he had virtually abandoned the course of his employment, or that he was engaged in something wholly foreign thereto: *Adams v. Colonial Colliery Co.*, 104

Pa. Superior Ct. 187, 158 A. 183; *Haas v. Brotherhood of Transportation Workers,* 158 Pa. Superior Ct. 291, 44 A. 2d 776. It is not necessary that the employe be actually engaged in his work at the time of the accident: *Dunphy v. Augustinian College of Villanova,* 129 Pa. Superior Ct. 262, 195 A. 782.

Considering the instant factual situation in the light of the applicable legal principles, we have concluded that appellee did not abandon the course of her employment when she left the kitchen for the purpose of taking a shower. It is important to note that she was obligated to live on the premises and to be available at all times. See *Brown v. Elks Club No. 123,* 113 Pa. Superior Ct. 226, 172 A. 408. Under such circumstances, it is only reasonable to assume that the employer and employe, in drawing the contract, realized that there would be intervals when appellee would be required to attend to matters of personal comfort. Cleanliness in the handling and preparation of food is an important consideration. Appellee's action in temporarily leaving the kitchen to take a shower on the premises was expressly approved by her employer. It did not constitute an abandonment of the employment: *Boyd v. Philmont Country Club,* 129 Pa. Superior Ct. 135, 195 A. 156. Nor was it an incident of such a pronounced character as to constitute a break therein: *Hall v. Carnegie Institute of Technology,* 170 Pa. Superior Ct. 459, 87 A. 2d 87. The right to compensation is not to be defeated on the ground that an injury on the premises did not occur in the course of employment unless the alleged departure is for an activity wholly foreign to the employment, or constitutes an abandonment thereof: *Conley v. Pittsburgh Coal Co.,* 157 Pa. Superior Ct. 567, 43 A. 2d 605.

In the instant case the Board found that "the continuity of claimant's employment was not broken by

taking the shower and that she did not remove herself from her employment in so doing". This conclusion was based upon competent and substantial evidence. See *Werner v. Allegheny County*, 153 Pa. Superior Ct. 10, 33 A. 2d 451. The accident happened during usual working hours. Appellee was in a portion of the premises where she had a right to be. Her purpose there was legitimately connected with her employment. The conclusion reached by the Board, and approved by Judge LAUB, was fully justified under the circumstances, and was a correct application of the law. See *Hopwood v. Pittsburgh*, 152 Pa. Superior Ct. 398, 33 A. 2d 658.

Judgment affirmed.