Barrick, Appellant, *v.* Pocono Highland
Camp.

Argued March 14, 1966. Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN,
and SPAULDING, JJ.

*Harry B. Goldberg,* with him *Ronald M. Katzman,* and *Goldberg, Evans & Katzman,* for appellant.

*Christian S. Erb, Jr.,* with him *Metzger, Wickersham & Knauss,* for appellee.

OPINION BY ERVIN, P. J., June 17, 1966:

This is a workmen's compensation case. The facts as stated in the opinion of Judge SHELLEY of the court below are as follows: "It appears that the decedent was a maintenance worker at Pocono Highland Camp in Monroe County, Pennsylvania. This was a boys' camp that operated during the months of July and August of 1960. During the season, employees were paid a weekly wage, together with food and board. At the time of the accident on September 13, 1960, the camp season had ended. The employees were living in the administration building and purchased their food at a local grocery store. They continued at the same wage and did clean up work. The employees, including the decedent, quit work on September 12, 1960 at about 10:00 a.m. because of inclement weather. The decedent left the camp, went to town on personal business and, although there is not a complete accounting of his time, it is conceded that he did not work again for his employer. He returned to his room in the administration building about midnight. A fire broke out about 2:00 a.m., which resulted in the decedent's death from asphyxiation."

There was a conflict of evidence as to whether or not the decedent was required to be on the premises at the time of the fire. On the one hand, Alex Washeleski, a fellow-employe, testified on direct examination that they are required to remain on the premises and were

subject to call "at any time of the day." On cross-examination, however, he testified that after punching out the time clock Barrick was not due back to work until 8 a.m. the next morning and that he was free to go where he pleased. Andrew Dippre, the foreman, testified that the decedent slept at the camp but that he was not required to be there at night, could go wherever he wanted and was not on call at night. On the other hand, he testified that if there was a need for cleaning up or maintenance after 4:30 p.m., the decedent would have worked at those hours.

Earl Weinberg, the owner of the camp, testified that the decedent was not required to live at the camp, could live where he desired and was not on call at any time. Raymond Jacobs, another fellow-employe, stated that they were not required to be back at the camp again until the following morning at 8 a.m. and testified to the decedent's movements subsequent to his leaving camp until about midnight.

With this conflicting testimony the referee made an award in favor of the claimant. He made six findings of fact and two conclusions of law but made no specific finding as to whether or not the decedent was required to be on the premises of his employer at the time of his death. Upon appeal, the board, which is the ultimate fact finding body, vacated the award and dismissed the claim. It did not disturb the six findings of fact but added two additional findings[1] and substituted a different conclusion of law.[2]

---

[1] "Seventh: That the deceased, William L. Barrick, was not required to be on the premises of his employer at the time of his death.

"Eighth: That the deceased, William L. Barrick, was not engaged in the course of his employment at the time of his death."

[2] "Second: Since the death of the decedent was not a direct result of an injury which occurred in the course of his employment with the defendant the claimant is not entitled to recover compensation as provided by the Act."

Section 301(c) of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, reads: "The term 'injury by an accident in the course of his employment,' as used in this article . . . shall include all injuries caused by the condition of the premises . . . sustained by the employe, who . . . is injured upon the premises occupied by or under the control of the employer . . ., the employe's presence thereon being required by the nature of his employment."

It is well established that where the compensation authorities refuse to find facts in favor of the party having the burden of proof, the question on review is not whether the evidence would sustain such a finding but whether the board's findings of fact are consistent with each other and with its conclusions of law and can be sustained without a capricious disregard of competent evidence: *Newman v. Congregation of Mercy and Truth,* 196 Pa. Superior Ct. 350, 175 A. 2d 160; *Dandy v. Glaze,* 197 Pa. Superior Ct 218. 177 A. 2d 157.

It is also well established that "While the board is the ultimate arbiter of the facts and its findings are binding on appeal if supported by competent evidence, the appellate court may review questions of law, including whether the law has been properly applied to the facts: Ede v. Ruhe Motor Corp., 184 Pa. Superior Ct. 603, 136 A. 2d 151. If the facts permit of but one legitimate inference, the question becomes one of law [citing cases].": *Adams v. Dunn,* 192 Pa. Superior Ct. 319, at 323, 162 A. 2d 42.

In the present case it is undenied that the decedent was upon the premises of the employer at the time of his death. However, whether his presence was "required by the nature of his employment" was a controverted question. The board decided that question in favor of the defendant and, since it can be sustained

without a capricious disregard of competent evidence, we are bound by it.

The claimant cites the cases of *Delbene v. Pine,* 144 Pa. Superior Ct. 353, 19 A. 2d 533; *Werner v. Allegheny County,* 153 Pa. Superior Ct. 10, 33 A. 2d 451; *Wolsko v. American Bridge Co.,* 158 Pa. Superior Ct. 339, 44 A. 2d 873; *Weiss v. Friedman's Hotel,* 176 Pa. Superior Ct. 98, 106 A. 2d 867; and *Dupree v. Barney,* 193 Pa. Superior Ct. 331, 163 A. 2d 901, in all of which the present question was involved and in all of which the claimant recovered an award. However, in all of them except the *Wolsko* case there was a definite finding that the employe was required to live on the premises or was on call at all times. In the *Wolsko* case the deceased's employment was to commence at 5 p.m. and the accident occurred at 4:45 p.m. We said: "Deceased was injured about 15 minutes before his day's work was to begin. It was entirely proper for deceased to be on the premises of his employer a reasonable length of time before the hour fixed for him to commence his duties."

On the other hand, the appellee relies on the case of *Peoples-Pittsburgh Trust Co. v. Fidelity Trust Co.,* 149 Pa. Superior Ct. 444, 27 A. 2d 445. In that case the deceased was the janitor for an apartment house. He was paid $50.00 a month less $10.00 rent for his living quarters, which were over the garage sixty feet in the rear of the main apartment building. When the furnace was not operating he was free to leave from 7 p.m. until 7 a.m. During the evening of September 10, 1937 he entertained friends in his apartment and then went for an automobile ride with them. They returned at 1:30 a.m. to his quarters. The party broke up at about 2:15 a.m. A fire occurred at 4 a.m. and he was burned to death. The referee disallowed compensation, holding that he was not in the course of his employment. The board substituted findings and held

he was in the course of employment because he was subject to call at any time. The court of common pleas sustained the board. However, we reversed, holding that there was no evidence to support the board's finding that he was on 24-hour duty. We said, at page 447: "Whether deceased met death in the course of his employment is a question of law for the courts: Lewis v. Capital Bakers, Inc. et al., 144 Pa. Superior Ct. 171, 18 A. 2d 883; Strunk v. E. D. Huffman & Sons, 144 Pa. Superior Ct. 429, 19 A. 2d 539. Even if we assume, as the appellee contends, that the deceased's apartment was a part of the employer's premises within the meaning of that term used in our compensation act [compare Brown v. Elks' Club No. 123, 113 Pa. Superior Ct. 226, 172 A. 408; Dunphy v. Augustinian College of Villanova et al., 129 Pa. Superior Ct. 262, 195 A. 782; and Tappato et al. v. Teplick & Eisenberg Co. et al., 133 Pa. Superior Ct. 231, 2 A. 2d 545] there is no evidence to support the board's finding that deceased was on 24 hour duty subject to call at any time when he died thus warranting the conclusion that he was in the course of his employment at the time of his death. The proof is directly to the contrary. When the furnace was not in operation Ormes' hours of employment in no instance extended beyond 9:00 P.M. Furthermore, on the evening and early morning in question he undoubtedly removed himself from the course of his employment in acting as host to a drinking party which had nothing whatever to do with his usual employment, being wholly foreign thereto. The fact that he was found fatally burned by a fire, probably of accidental origin, in his home located on his employer's premises did not warrant the conclusion that he met his death in the course of his employment. This is not a case where an employee after performing his usual duties was found dead on his employer's premises under unexplained circumstances."

We agree that the facts in the present case are so similar that a similar result must follow.

Order affirmed.